

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WHITE WATER WEST INDUSTRIES,
LTD, and KP CONSTRUCTION, INC.,

*Plaintiffs*

v.

NAUTILUS INSURANCE COMPANY,

*Defendant*

Civil Action No.

19-1124

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that under 28 U.S.C. § 1441 Defendant Nautilus Insurance Company ("Nautilus"), by and through the undersigned counsel, hereby removes the above-captioned civil action from the Court of Common Pleas, Lehigh County, Pennsylvania, No. 2019-C-0489 ("Lehigh County Action") to the United States District Court for the Eastern District of Pennsylvania. The grounds for removal are as follows:

1.     Plaintiffs, Whitewater West Industries Ltd. ("Whitewater") and KP Construction Inc. ("KP") (collectively, "Plaintiffs"), initiated the Lehigh County Action on February 15, 2019 by filing a complaint against Nautilus ("Complaint"). A true and correct copy of the Complaint and accompanying Cover Sheet, as well as a Lehigh County Docket Report, are attached as Exhibit "A."

2.     Nautilus is the only defendant in the Lehigh County Action.



3-18-19

22414501v.1

3.      According to the Complaint, Plaintiffs seek insurance coverage and other purportedly-related damages from Nautilus for liabilities that Plaintiffs allegedly incurred in connection with an underlying bodily injury action against Plaintiffs in the Court of Common Pleas, Lehigh County, Pennsylvania, No. 2016-C-2841.

4.      Plaintiffs served Nautilus with a copy of their Complaint on February 19, 2019.  A true and correct copy of Plaintiffs' affidavit of service filed in the Lehigh County Action is attached as Exhibit "B."

5.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed not more than 30 days after the date on which Nautilus received the Complaint.

6.      Under 28 U.S.C. § 1441, a defendant may remove any action over which the District Court would have original jurisdiction.

7.      This Court has original jurisdiction over controversies between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).

8.      In the Complaint, Plaintiffs allege that Whitewater was incorporated in Canada and maintains a principal place of business at 6700 McMillan Way, Richmond, British Columbia, Canada.  Compl. at ¶ 4 (**Ex. A**).

9.      Whitewater is a citizen of Canada.

10.      In their Complaint, Plaintiffs allege that KP was incorporated in Minnesota and maintains a principal place of business at 7440 Ridgeway Road, Golden Valley, Minnesota. *Id.* at ¶ 3 (**Ex. A**).

11.      KP is a citizen of Minnesota.

12.     In their Complaint, Plaintiffs allege that Nautilus was incorporated in Arizona and maintains a principal place of business at 7233 E. Butherus Drive, Scottsdale, Arizona.  *Id.* at ¶ 5 (**Ex. A**).

13.     Nautilus is a citizen of Arizona.

14.     Based on the foregoing, there is complete diversity of citizenship among the parties to the Lehigh County Action, which Nautilus is removing to this Court.

15.     In the Complaint, Plaintiffs allege that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  *See* Compl. at ¶ 51 (**Ex. A**) ("The Underlying Lawsuit caused Whitewater to incur ***several million dollars*** to cover the cost of its defense and indemnity obligations, and ultimately, settlement.") (emphasis added); *id.* at ¶ 60 (**Ex. A**) ("As a result of Nautilus's breach of its contractual obligations to KP Construction, KP Construction has suffered damages which were reasonably foreseeable to Nautilus, including, but not limited to, the losses averred in paragraph 51 of this Complaint.").

16.     Because there is complete diversity of citizenship among the parties to the Lehigh County Action, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, the Lehigh County Action is removable under 28 U.S.C. § 1441.

17.     The Lehigh County Court of Common Pleas is located within the Eastern District of Pennsylvania.

18.     Thus, venue is proper in this Court because the action is being removed to the district court of the United States for the "district and division embracing the place where such action is pending," as required under 28 U.S.C. § 1441(a).

19.     Pursuant to the provisions of 28 U.S.C. § 1446(a), Nautilus attaches a copy of the relevant pleadings in the Lehigh Action.  *See* Exhibit "A."

-3-

20.     Under 28 U.S.C. § 1446(d), a copy of Nautilus's Notice of Removal will be filed promptly with and served upon the Clerk of Judicial Records-Civil Division of the Lehigh County Court of Common Pleas, advising that court of this Notice of Removal.  A copy of Nautilus's proposed notice to the Lehigh County Court of Common Pleas is attached as Exhibit "C."

21.     Additionally, under 28 U.S.C. § 1446(d), a copy of Nautilus's Notice of Removal will be promptly served upon counsel for Plaintiffs.

22.     By filing this Notice of Removal, Nautilus does not waive and expressly reserves its rights, claims, and defenses, including without limitation all defenses relating to jurisdiction, venue, service of process, and personal jurisdiction.

**WHEREFORE**, Defendant Nautilus Insurance Company respectfully requests that the action pending in the Court of Common Pleas, Lehigh County, Pennsylvania, at No. 2019-C-0489, be removed to the United State District Court for the Eastern District of Pennsylvania, and that the action thereafter proceed in this Court as an action properly removed thereto.

**WHITE AND WILLIAMS LLP**

Dated:  3-18-19                    By:  _TCll_

Anthony L. Miscioscia (PA ID 69215)
Timothy A. Carroll (PA ID 318907)
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
215-864-6356/6218
miscioasciaa@whiteandwilliams.com
carrollt@whiteandwilliams.com
*Attorneys for Defendant Nautilus Insurance Company*

-4-

## CERTIFICATE OF SERVICE

I, Timothy A. Carroll, hereby certify that a true and correct copy of the accompanying

Notice of Removal was, on the date shown below, delivered to the Clerk of the U.S. District Court

for the Eastern District of Pennsylvania for filing, and served on the following counsel of record

via First Class U.S. Mail and electronic mail:

Joseph S. D'Amico Jr.
Fitzpatrick Lentz & Bubba P.C.
4001 Schoolhouse Lane
P.O. Box 219
Center Valley, PA 18034
jsdamico@flblaw.com

Nancy D. Adams
Alek J. Zadek
Mintz Levin Cohn Ferris Glovsky & Popeo P.C.
One Financial Center
Boston, MA 02110
nadams@mintz.com
azadek@mintz.com

*Attorneys for Plaintiffs, Whitewater West Industries Ltd.
and KP Construction Inc.*

**WHITE AND WILLIAMS LLP**

Dated: _____3-18-19_____       By: _____T Cll_____

Timothy A. Carroll (PA ID 318907)
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
215-864-6218
carrollt@whiteandwilliams.com
*Attorneys for Plaintiff Nautilus Insurance
Company*

# Exhibit A

Skip to Main Content   Logout   My Account   Search Menu   New Civil Search   Refine Search   Back      Location : Judicial Records   Images  Help

## REGISTER OF ACTIONS
### CASE NO. 2019-C-0489

| | |
|---|---|
| KP Construction Inc, Whitewater West Industries LTD - VS - Nautilus Insurance Company | Case Type: **Contract Other** <br> Date Filed: **02/15/2019** <br> Location: **Civil Records** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | Nautilus Insurance Company | |
| Plaintiff | KP Construction Inc | Joseph S. D'Amico, Jr Esq <br> *Retained* <br> 610-797-9000(W) |
| Plaintiff | Whitewater West Industries LTD | Joseph S. D'Amico, Jr Esq <br> *Retained* <br> 610-797-9000(W) |

---

### EVENTS & ORDERS OF THE COURT

**HEARINGS**

07/01/2019 | Status Conference (11:15 AM) (Judicial Officer Johnson, J. Brian)

**OTHER EVENTS**

02/15/2019 | Contract Other
    *Coversheet*
02/15/2019 | New Action Complaint
    *Damages prayed in Counts I thru IV, see original for details; Count V for damages in an amt exceeding the compulsory arbitration limits of $50,000.00. Exhibits attached*
02/27/2019 | Affidavit of Service
    *Exhibit(s) attached*

---

### FINANCIAL INFORMATION

| | | |
|---|---|---:|
| **Plaintiff** KP Construction Inc | | |
| Total Financial Assessment | | 177.50 |
| Total Payments and Credits | | 177.50 |
| **Balance Due as of 03/18/2019** | | 0.00 |
| 02/19/2019 | Transaction Assessment | 177.50 |
| 02/19/2019 | E-File Electronic Payment   Receipt # E-2019-01602        KP Construction, Inc. | (177.50) |

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489      /s/D N

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CIVIL DIVISION - LAW

| | | |
|---|---|---|
| WHITE WATER WEST INDUSTRIES, LTD, and KP CONSTRUCTION, INC., Plaintiffs, | ) ) ) ) | |
| v. | ) ) | **COMPLAINT** **JURY TRIAL DEMANDED** |
| NAUTILUS INSURANCE COMPANY, Defendant. | ) ) ) | |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claims or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
Lehigh County Bar Association
1114 Walnut Street
Allentown, PA 18102
(610) 433-7094

FITZPATRICK LENTZ & BUBBA, P.C.

By:

Joseph S. D'Amico, Jr.
I.D. No. 55645
Attorneys for Plaintiff
4001 Schoolhouse Lane
Center Valley, PA 18034-0219
(610) 797-9000

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489      /s/D N

|  |  |
|---|---|
| WHITE WATER WEST INDUSTRIES, LTD, and KP CONSTRUCTION, INC., | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| NAUTILUS INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) ) |

IN THE COURT OF COMMON PLEAS
LEHIGH COUNTY,
PENNSYLVANIA

**JURY TRIAL DEMANDED**

## COMPLAINT

1.     This is an action for breach of contract under a general liability policy that Nautilus Insurance Company ("Nautilus") issued to KP Construction, Inc. ("KP Construction"), which named White Water West Industries, LTD ("Whitewater"), as an additional insured.

2.     Notwithstanding the fact that: (i) KP Construction paid Nautilus premium for a Commercial General Liability insurance policy; (ii) paid additional premium to explicitly name Whitewater as an additional insured under the policy; and (iii) KP Construction and Whitewater timely submitted bodily injury claims to Nautilus, Nautilus refused to comply with its contractual obligations by, among other things, refusing to provide coverage to KP Construction for its indemnity obligations to Whitewater and refusing to provide coverage to Whitewater.

## PARTIES

3.     KP Construction is a Minnesota corporation, with its principal place of business located at 7440 Ridgeway Road in Golden Valley, Minnesota.  KP Construction is authorized and registered to do business in the Commonwealth of Pennsylvania.

2

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489      /s/D N

4.     Whitewater is an entity incorporated in British Columbia, Canada, with its principal place of business located at 6700 McMillan Way, Richmond BC, Canada.  Whitewater is authorized and registered to do business in the Commonwealth of Pennsylvania.

5.     On information and belief Defendant Nautilus is an Arizona corporation with a principal place of business and office at 7233 E. Butherus Drive, Scottsdale, Arizona 85260.

6.     At all times material to this action, including the present, Nautilus was registered with the Pennsylvania Insurance Department as a Surplus Lines Insurance Carrier, authorized and doing business within the Commonwealth of Pennsylvania.

**JURISDICTION**

7.     As a result of Nautilus' registered admission and regular business activities as a surplus lines carrier in Pennsylvania, it is subject to the jurisdiction of the Courts of the Commonwealth of Pennsylvania.

8.     The Court of Common Pleas of Lehigh County is a proper venue for this action pursuant to Pa.R.C.P. 2179(a)(2), (3) and (4) and 2179(b)(1).

**UNDERLYING FACTS**

**A.     The Subcontract between Whitewater and KP Construction**

9.     In or around October 2013, Whitewater entered into a contract to design and install certain waterslides and related equipment at Dorney Park and Wildwater Kingdom in Allentown, Lehigh County, PA ("Dorney Park").

10.     Whitewater hired KP Construction as a subcontractor for certain work that Whitewater was responsible for providing at Dorney Park (the "Subcontract").

11.     Pursuant to the Subcontract, KP Construction was required to maintain commercial general liability insurance.  In addition, KP Construction was required to name

3

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N

Whitewater as an additional insured on a primary and non-contributory basis under its Commercial General Liability policy. More specifically, Whitewater required KP Construction to provide it with a Certificate of Insurance naming it as an additional insured on a Commercial General Liability insurance policy that covered bodily injury, property damage, personal injury and advertising injury.

12.    At all relevant times, KP Construction was not sophisticated in insurance matters. It relied upon and deferred to Advance Insurance Agency to provide it with insurance that it needed to carryout its business.

13.    On information and belief and based on Minnesota Statute, § 60K.49, at all relevant times, Advance Insurance Agency, through of its use of a surplus lines producer, Insurance Facilities, Inc., was the agent of Nautilus.

14.    On information and belief, Advance Insurance Agency was aware of the fact that KP Construction was not sophisticated in insurance matters. On information and belief, Advance Insurance Agency was also aware of the fact that KP Construction relied on it to procure insurance necessary for KP Construction to carryout its business and to satisfy the contractual requirements of its general contractor clients.

15.    KP Construction provided Advance Insurance Agency with Whitewater's insurance-related requirements and trusted Advance Insurance Agency to obtain necessary coverage to satisfy those requirements.

16.    Advance Insurance Agency procured a commercial general liability insurance policy, policy number BN 957960, from Nautilus for KP Construction (the "Policy"). The policy period for the Policy is July 1, 2013 to July 1, 2014. A copy of the pertinent document,

4

FILED 2/15/2019 3:58 PM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489     /s/D N

including the Policy form (Form CG 00 01 12/04) is attached as **Exhibit A**.  An entire copy of the Policy, including its declarations pages, is in the possession of Nautilus.

17.     Advance Insurance Agency and Nautilus named Whitewater as an additional insured on the Policy.

18.     Advance Insurance Agency, with Nautilus's express or tacit approval, represented to KP Construction that inclusion of Whitewater as an additional insured on the Policy was sufficient to satisfy Whitewater's insurance requirements of KP Construction and provide the requisite coverage.

19.     KP Construction reasonably believed that the Policy provided the coverage required by Whitewater.

**B.     The Underlying Lawsuit**

20.     On or about April 23, 2014, KP Construction was working at Dorney Park in Lehigh County when Anthony Dos Santos, III, a KP Construction employee, suffered bodily injury, ultimately leading to a below-the-knee amputation of his right leg.

21.     In May 2015, Mr. Dos Santos filed a lawsuit against Whitewater, among others, seeking damages for his injuries in the Philadelphia County (PA) Court of Common Pleas at No. 15-0502858 (the "Underlying Lawsuit").

22.     After several procedural filings, arguments and judicial rulings, the Underlying Lawsuit was eventually transferred from the Court of Common Pleas of Philadelphia County (and a companion case filed in the United States District Court for the Eastern District of Pennsylvania) to a consolidated action in the Court of Common Pleas of Lehigh County at No. 2016-C-2841.

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N

23.    In the Underlying Lawsuit, Mr. Dos Santos alleged that his injuries were caused by the negligent conduct of, among others, Whitewater.

24.    Whitewater tendered the defense and indemnity of the Underlying Lawsuit to KP Construction pursuant to the Subcontract.

25.    On or about April 17, 2018, Whitewater also asserted an indemnity claim against KP Construction in the Underlying Lawsuit (the "Indemnity Complaint").

**C.    The Nautilus Policy**

26.    The Policy provided, in relevant part, as follows:

SECTION I – COVERAGES
COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.  Insuring Agreement.

   a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies. We will have the right to defend any 'suit' seeking those damages. We may at our discretion investigate any 'occurrence' and settle any claim or 'suit' that may result . . . .

   b.  The insurance applies to 'bodily injury' and 'property damage' only if:
      i.   The 'bodily injury' . . . is caused by an 'occurrence' that takes place in a 'coverage territory;' and
      ii.  The 'bodily injury' . . . occurs during the policy period.
         . . ."

27.    The Policy contains an endorsement which provides, in relevant part, as follows:

SECTION II – Who is An Insured is amended to include as an additional insured [Whitewater], but only with respect to liability for "bodily injury," "property damage" . . . caused, in whole or in part, by:

1.  [KP Construction's] acts or omissions; or

2.  The acts or omissions of those acting on [KP Construction's] behalf;

6

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489      /s/D N

> In the performance of [KP Construction's] ongoing operations for
> [Whitewater] at the location(s) designated above.

(the "Additional Insured Endorsement").

28.    The Additional Insured Endorsement explicitly names Whitewater as an "additional insured."

29.    Nautilus required KP Construction to pay an additional premium to name Whitewater as an additional insured under the Policy.

30.    KP Construction reasonably believed that, pursuant to the Additional Insured Endorsement, Nautilus would be required to insure Whitewater with respect to liability for bodily injury caused, in whole or in part, by KP Construction's acts or omissions, including liability arising from injuries to a KP Construction employee that was caused, in whole or in part, by any KP Construction act or omission.

31.    KP Construction also reasonably believed that the Additional Insured Endorsement would require Nautilus to defend Whitewater against any such claim.

32.    The Policy excludes from coverage "'bodily injury' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement"; however, this exclusion does not apply to "insured contracts," as that term is defined by the Policy.

33.    The Policy defines "insured contract" to include "[p]art of any other contract or agreement pertaining to your business . . . under which you assume tort liability of another party to pay for 'bodily injury' . . . to a third person or organization, provided the 'bodily injury' . . .is caused, in whole or in part, by you or those acting on your behalf. . . ."

34.    The Policy contains an Employer's Liability Exclusion which was amended by endorsement to provide that "[t]his insurance does not apply to . . . 'Bodily injury' to . . .

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489     /s/D N

'employees' . . . [or] . . . subcontractors' employees . . . arising out of and in the course of . . . [e]mployment by any insured . . . ."

**D.**    **Notice to Nautilus and Denial of Coverage**

35.    On January 31, 2015, Whitewater notified Nautilus of Mr. Dos Santos' claim and tendered the defense and indemnity to Nautilus (the "Claim"). The Claim is attached as **Exhibit B**.

36.    In or around January 31, 2015, KP Construction also notified Nautilus of Mr. Dos Santos' claim and its indemnification obligation to Whitewater.

37.    On June 23, 2015, after the Underlying Lawsuit was filed, Nautilus issued a coverage position letter denying that the Policy affords coverage, both defense and indemnity, to Whitewater (the "Whitewater Denial of Coverage Letter"). The Whitewater Denial of Coverage Letter is attached as **Exhibit C**.

38.    On June 23, 2015, Nautilus issued a coverage position letter denying that the Policy affords coverage, both defense and indemnity, to KP Construction and Whitewater and further stated that there would be no coverage for KP Construction's indemnification obligation to Whitewater (the "KP Denial of Coverage Letter"). The KP Denial of Coverage Letter is attached as **Exhibit D**.

39.    In the Denial of Coverage Letters, Nautilus admitted that Whitewater was an additional insured under the Policy.

40.    Nautilus denied coverage based on the Employer's Liability Exclusion.

41.    Nautilus' interpretation of the Employer's Liability Exclusion renders the additional insured coverage afforded to Whitewater – which KP Construction paid a premium to obtain – illusory.

FILED 2/15/2019 3:58 PM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489  /s/D N

42.  Nautilus' interpretation of the Employer's Liability Exclusion is contrary to Whitewater's insurance requirements, which KP Construction provided to Advance Insurance Agency prior to paying additional premium to add Whitewater as an additional insured under the Policy.

### COUNT I
### (BREACH OF CONTRACT)
*(KP Construction and Whitewater v. Nautilus)*

43.  Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

44.  Under Section I of the Commercial General Liability Coverage Form of the Policy, Nautilus is obligated to pay those sums that an insured becomes legally obligated to pay as damages because of bodily injury to which the insurance applies.

45.  The Underlying Lawsuit alleges damages because of bodily injury which occurred during the policy period and which was caused by an occurrence.

46.  The Underlying Lawsuit alleges bodily injury caused, in whole or in part, by the acts or omissions of KP Construction.

47.  Whitewater is an additional insured under the Policy.

48.  Nautilus is contractually required to provide a defense and indemnity to Whitewater against the Underlying Lawsuit.

49.  Nautilus breached its contractual obligations by refusing to defend or indemnify Whitewater against the Underlying Lawsuit.

50.  As a result of Nautilus' breach of its contractual obligations to Whitewater and KP Construction, Whitewater and KP Construction have suffered damages which were reasonably foreseeable to Nautilus.

9

51.     The Underlying Lawsuit caused Whitewater to incur several million dollars to cover the cost of its defense and indemnity obligations, and ultimately, settlement.

## COUNT II
## (BREACH OF CONTRACT)
### *(KP Construction v. Nautilus)*

52.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

53.     Under Section I of the Commercial General Liability Coverage Form of the Policy, Nautilus is obligated to pay those sums that an insured becomes legally obligated to pay as damages because of bodily injury to which the insurance applies.

54.     The Underlying Lawsuit alleges damages because of bodily injury which occurred during the Policy's policy period and which was caused by an occurrence.

55.     The Underlying Lawsuit alleges bodily injury caused, in whole or in part, by the acts or omissions of KP Construction.

56.     KP Construction is obligated to indemnify Whitewater for the Underlying Lawsuit.

57.     KP Construction's obligation to indemnify Whitewater is an "insured contract" as defined by the Policy.

58.     Nautilus is contractually required to provide a defense to KP Construction and indemnify KP Construction against the Indemnity Complaint.

59.     Nautilus breached its contractual obligations by refusing to defend or indemnify KP Construction against the Indemnity Complaint.

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N

60.    As a result of Nautilus' breach of its contractual obligations to KP Construction, KP Construction has suffered damages which were reasonably foreseeable to Nautilus, including, but not limited to, the losses averred in paragraph 51 of this Complaint.

## COUNT III
## (NEGLIGENT MISREPRESENTATION)
### (*KP Construction v. Nautilus*)

61.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

62.    KP Construction requested Nautilus, through Advance Insurance Agency, to include Whitewater as an additional insured on the Policy and provide KP Construction with insurance coverage as required by Whitewater.

63.    Advance Insurance Agency agreed to include Whitewater as an additional insured on the Policy and to ensure that the Policy provided the coverage required by Whitewater.

64.    Based on Advance Insurance Agency's representations at the time KP Construction procured the Policy and its representations when it agreed to include Whitewater as an additional insured on the Policy, KP Construction reasonably believed that Nautilus would be required to insure Whitewater with respect to liability for bodily injury caused, in whole or in part, by KP Construction's acts or omissions, including liability arising from injuries to a KP Construction employee caused, in whole or in part, by any KP Construction act or omission.

65.    KP Construction also reasonably believed based on Advance Insurance Agency's representations that the Additional Insured Endorsement would require Nautilus to defend Whitewater against any such claim.

11

66.     Advance Insurance Agency made these representations to KP Construction so that KP Construction would pay additional premium to include Whitewater as an additional insured under the Policy.

67.     Advance Insurance Agency and Nautilus should have known that the Employer's Liability Exclusion rendered the additional insured coverage afforded to Whitewater illusory and that the Policy would not provide coverage to Whitewater for loss arising from an injury to a KP Construction employee caused in whole or in part by KP Construction.

68.     At all relevant times, pursuant to Minnesota Statute, § 60K.49, Advance Insurance Agency was the agent of Nautilus.

69.     KP Construction acted in reliance on Advance Insurance Agency's representations, which are imputed to Nautilus, when it paid additional premium to Nautilus to include Whitewater as an additional insured.

70.     KP Construction was justified in its reliance on Advance Insurance Agency's representations, which are imputed to Nautilus.

71.     KP Construction has been harmed by its reliance on Advance Insurance Agency's representations, which are imputed to Nautilus, because the Employer's Liability Exclusion renders the additional insured coverage afforded to Whitewater illusory and Nautilus has denied coverage to Whitewater for the Claim.   The conflict and ambiguity in coverage should be interpreted in favor of KP Construction as the insured.

## COUNT IV
### (NEGLIGENCE)
*(KP Construction v. Nautilus)*

72.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

12

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N

73.     Nautilus owed a duty to take affirmative action to ensure that it provided KP Construction with coverage sufficient to satisfy Whitewater's contractual requirements.

74.     Because Advance Insurance Agency was Nautilus' agent at all times relevant to this action, the knowledge of Advance Insurance Agency is imputed to Nautilus.

75.     At all relevant times, Advance Insurance Agency knew that: (1) KP Construction was unsophisticated in insurance matters; (2) KP Construction relied upon Advance Insurance Agency to provide appropriate coverage; and (3) KP Construction needed insurance sufficient to satisfy Whitewater's contractual requirements.

76.     When Advance Insurance Agency obtained the Policy for KP Construction and obtained the Additional Insured Endorsement that listed Whitewater as an additional insured, KP Construction reasonably believed that the Policy and Additional Insured Endorsement satisfied Whitewater's contractual requirement.  More specifically, KP Construction reasonably believed that the Policy and Additional Insured Endorsement would require Nautilus to defend and indemnify Whitewater with respect to liability or alleged liability for bodily injury caused, in whole or in part, by KP Construction's acts or omissions, including liability arising from injuries to a KP Construction employee caused, in whole or in part, by any KP Construction act or omission.

77.     Advance Insurance Agency and Nautilus should have known that the Employer's Liability exclusion rendered the additional insured coverage afforded to Whitewater illusory and that the Policy would not provide coverage to Whitewater for loss arising from an injury to a KP Construction employee caused in whole or in part by KP Construction.

78.     Nautilus breached its duty to KP Construction when it denied Whitewater indemnity or defense against the Underlying Lawsuit.

13

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489     /s/D N

79.     Because Nautilus refused to defend or indemnify Whitewater against the Underlying Lawsuit, Whitewater pursued the Indemnity Complaint against KP Construction.

80.     As a result of Nautilus' negligence, KP Construction has been harmed in an amount to be determined at trial.

**COUNT V**
**(UNILATERAL MISTAKE)**
*(KP Construction v. Nautilus)*

81.     Plaintiffs re-allege each and every preceding paragraph as if fully restated herein.

82.     At the time that KP Construction paid additional premium to include Whitewater as an additional insured under the Policy, it believed that the Policy satisfied Whitewater's contractual requirements.   More specifically, KP Construction reasonably believed that the Policy and Additional Insured Endorsement would require Nautilus to defend and indemnify Whitewater with respect to liability or alleged liability for bodily injury caused, in whole or in part, by KP Construction's acts or omissions, including liability arising from injuries to a KP Construction employee caused, in whole or in part, by any KP Construction act or omission.

83.     Advance Insurance Agency knew that KP Construction believed that the Policy, as endorsed by the Additional Insured Endorsement, would require Nautilus to defend and indemnify Whitewater with respect to liability or alleged liability for bodily injury caused, in whole or in part, by KP Construction's acts or omissions.

84.     Advance Insurance Agency was Nautilus' agent at the time that it procured the Policy and Additional Insured Endorsement for KP Construction.   As Nautilus' agent, Advance Insurance Agency's knowledge is imputed to Nautilus.

85.     Nautilus accepted KP Construction's premium payments for the Policy and for the Additional Insured Endorsement even though the Policy and Additional Insured Endorsement

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489     /s/D N

did not provide Whitewater with the coverage KP Construction requested from Advance Insurance Agency and believed it had procured.

86.    The additional coverage that Nautilus purported to provide through the Additional Insured Endorsement was illusory.

87.    It was fraudulent or, at a minimum, inequitable for Nautilus to accept premium from KP Construction for the Additional Insured Endorsement without providing coverage for Whitewater as requested by KP Construction.

88.    It would be unconscionable to permit Nautilus to reap the benefits of its fraudulent or inequitable conduct.

89.    As a result of Nautilus' conduct, KP Construction has suffered damages that will be determined at trial.

90.    KP Construction requests that the Court reform the Policy to reflect KP Construction's understanding of the coverage that would be afforded to Whitewater as an additional insured under the Policy.

WHEREFORE, Plaintiffs KP Construction and Whitewater respectfully request judgment be entered against Defendant Nautilus in an amount that will fairly and adequately compensate them for damages in an amount exceeding the compulsory arbitration limits of $50,000.00 sustained as a result of Nautilus' breaches of contract and negligence, including but not limited to attorneys' fees incurred in defending against Mr. Dos Santos's suits, attorneys' fees incurred in connection with this lawsuit, and any other relief the Court deems just and proper. Plaintiff KP Construction further respectfully requests the Court to reform the Policy to provide Whitewater with coverage that KP Construction reasonably believed it had obtained when it paid additional premium to include Whitewater as an additional insured under the Policy.

15

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489      /s/D N

WHITEWATER WEST INDUSTRIES,
LTD AND KP CONSTRUCTION, INC.

By their attorneys:

FITZPATRICK LENTZ & BUBBA, P.C.

Date: ___2/15/2019___

By:     _____
        Joseph S. D'Amico, Jr.
        Attorney I.D. No. 55645
        4001 Schoolhouse Lane
        P.O. Box 219
        Center Valley, PA  18034-0219
        (610) 797-9000
        Attorney for Defendant

By:     /s/ Nancy D. Adams_____
        Nancy D. Adams, Esq.
        Alec J. Zadek, Esq.
        Mintz Levin Cohn Ferris
            Glovsky & Popeo, P.C.
        One Financial Center
        Boston, MA 02110
        (617) 542-6000
        (*pro hac vice* application
        forthcoming)

16

## VERIFICATION

I, _Penelope Pollack,_ being duly sworn according to law, depose and say that I am the

_Secretary/Treasurer of KP Construction Inc_, and that as such, I am authorized to make this verification on its

behalf, and aver that the facts set forth in the within Complaint are true and correct to the best of my

knowledge, information and belief and that I am making these statements subject to the penalties of

18 Pa. C.S.A. 4904 relating to unsworn falsifications to authorities.


Dated: _2/13/19_                    _Penelope Pollack_

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489   /s/D N

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial Systems of Pennsylvania:  Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Joseph S. D'Amico, Jr.

Signature: */s/ Joseph S. D'Amico, Jr.*

Name: Joseph S. D'Amico, Jr.

Attorney No.:  55645

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489 /s/D N

COMMERCIAL GENERAL LIABILITY
CG 00 01 12 04

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

## SECTION I – COVERAGES

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

### 1. Insuring Agreement

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.



© ISO Properties, Inc., 2003

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489     /s/D N

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

2. **Exclusions**

This insurance does not apply to:

a. **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

c. **Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

d. **Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

e. **Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".



FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489   /s/D N

**f. Pollution**

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

(i) "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests;

(ii) "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

(iii) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

(b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

(i) Any insured; or

(ii) Any person or organization for whom you may be legally responsible; or

(d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. However, this subparagraph does not apply to:

(i) "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the "bodily injury" or "property damage" arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor;

(ii) "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

(iii) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire".

(e) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants".



FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489   /s/D N

**(2)** Any loss, cost or expense arising out of any:

  **(a)** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

  **(b)** Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**g. Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

**(1)** A watercraft while ashore on premises you own or rent;

**(2)** A watercraft you do not own that is:

  **(a)** Less than 26 feet long; and

  **(b)** Not being used to carry persons or property for a charge;

**(3)** Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

**(4)** Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

**(5)** "Bodily injury" or "property damage" arising out of:

  **(a)** The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged; or

  **(b)** the operation of any of the machinery or equipment listed in Paragraph f.(2) or f.(3) of the definition of "mobile equipment".

**h. Mobile Equipment**

"Bodily injury" or "property damage" arising out of:

**(1)** The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

**(2)** The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

**i. War**

"Bodily injury" or "property damage", however caused, arising, directly or indirectly, out of:

**(1)** War, including undeclared or civil war;

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**j. Damage To Property**

"Property damage" to:

**(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**(3)** Property loaned to you;

**(4)** Personal property in the care, custody or control of the insured;



© ISO Properties, Inc., 2013

CG 00 01 12 04     ☐

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489   /s/D N

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1), (3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III – Limits Of Insurance.

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3), (4), (5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n. Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**o. Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

**p. Electronic Data**

Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

Exclusions **c.** through **n.** do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in Section III – Limits Of Insurance.

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and



© ISO Properties, Inc., 2003

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489   /s/D N

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b. Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

**c. Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

**d. Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

**e. Contractual Liability**

"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

**f. Breach Of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

**g. Quality Or Performance Of Goods – Failure To Conform To Statements**

"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

**h. Wrong Description Of Prices**

"Personal and advertising injury" arising out of the wrong description of the price of goods, products or services stated in your "advertisement".

**i. Infringement Of Copyright, Patent, Trademark Or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

**j. Insureds In Media And Internet Type Businesses**

"Personal and advertising injury" committed by an insured whose business is:

**(1)** Advertising, broadcasting, publishing or telecasting;

**(2)** Designing or determining content of websites for others; or

**(3)** An Internet search, access, content or service provider.

However, this exclusion does not apply to Paragraphs **14.a., b.** and **c.** of "personal and advertising injury" under the Definitions Section.

For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, is not by itself, considered the business of advertising, broadcasting, publishing or telecasting.

**k. Electronic Chatrooms Or Bulletin Boards**

"Personal and advertising injury" arising out of an electronic chatroom or bulletin board the insured hosts, owns, or over which the insured exercises control.

**l. Unauthorized Use Of Another's Name Or Product**

"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.


© ISO Properties, Inc., 2003

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489      /s/D N

**m. Pollution**

"Personal and advertising injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

**n. Pollution-Related**

Any loss, cost or expense arising out of any:

(1) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

**o. War**

"Personal and advertising injury", however caused, arising, directly or indirectly, out of:

(1) War, including undeclared or civil war;

(2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

(3) Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

## COVERAGE C MEDICAL PAYMENTS

### 1. Insuring Agreement

a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

(1) On premises you own or rent;

(2) On ways next to premises you own or rent; or

(3) Because of your operations;

provided that:

(1) The accident takes place in the "coverage territory" and during the policy period;

(2) The expenses are incurred and reported to us within one year of the date of the accident; and

(3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

(1) First aid administered at the time of an accident;

(2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

(3) Necessary ambulance, hospital, professional nursing and funeral services.

### 2. Exclusions

We will not pay expenses for "bodily injury":

**a. Any Insured**

To any insured, except "volunteer workers".

**b. Hired Person**

To a person hired to do work for or on behalf of any insured or a tenant of any insured.

**c. Injury On Normally Occupied Premises**

To a person injured on that part of premises you own or rent that the person normally occupies.

**d. Workers Compensation And Similar Laws**

To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

**e. Athletics Activities**

To a person injured while practicing, instructing or participating in any physical exercises or games, sports, or athletic contests.

**f. Products-Completed Operations Hazard**

Included within the "products-completed operations hazard".

**g. Coverage A Exclusions**

Excluded under Coverage A.

## SUPPLEMENTARY PAYMENTS – COVERAGES A AND B

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

a. All expenses we incur.

b. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.



**EXHIBIT A**

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489     /s/D N

c. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

d. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

e. All costs taxed against the insured in the "suit".

f. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

g. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

2. If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

a. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

b. This insurance applies to such liability assumed by the insured;

c. The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

d. The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

e. The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

f. The indemnitee:

(1) Agrees in writing to:

(a) Cooperate with us in the investigation, settlement or defense of the "suit";

(b) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

(c) Notify any other insurer whose coverage is available to the indemnitee; and

(d) Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

(2) Provides us with written authorization to:

(a) Obtain records and other information related to the "suit"; and

(b) Conduct and control the defense of the indemnitee in such "suit".

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph **2.b.(2)** of Section I – Coverage A – Bodily Injury And Property Damage Liability, such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when:

a. We have used up the applicable limit of insurance in the payment of judgments or settlements; or

b. The conditions set forth above, or the terms of the agreement described in Paragraph f. above, are no longer met.

## SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:

a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

© ISO Properties, Inc., 2003

**EXHIBIT A**

CG 00 01 12 04     □

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489 /s/D N

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

**e.** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

**2.** Each of the following is also an insured:

   **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

   **(1)** "Bodily injury" or "personal and advertising injury":

   **(a)** To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

   **(b)** To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph **(1)(a)** above;

   **(c)** For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs **(1)(a)** or **(b)** above; or

   **(d)** Arising out of his or her providing or failing to provide professional health care services.

   **(2)** "Property damage" to property:

   **(a)** Owned, occupied or used by,

   **(b)** Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

   you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

   **b.** Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

   **c.** Any person or organization having proper temporary custody of your property if you die, but only:

   **(1)** With respect to liability arising out of the maintenance or use of that property; and

   **(2)** Until your legal representative has been appointed.

   **d.** Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

**3.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

   **a.** Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

   **b.** Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

   **c.** Coverage B does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

**SECTION III – LIMITS OF INSURANCE**

**1.** The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

   **a.** Insureds;

   **b.** Claims made or "suits" brought; or

   **c.** Persons or organizations making claims or bringing "suits".



2. The General Aggregate Limit is the most we will pay for the sum of:

   a. Medical expenses under Coverage C;

   b. Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

   c. Damages under Coverage B.

3. The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

4. Subject to 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.

5. Subject to 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

   a. Damages under Coverage A; and

   b. Medical expenses under Coverage C

   because of all "bodily injury" and "property damage" arising out of any one "occurrence".

6. Subject to 5. above, the Damage To Premises Rented To You Limit is the most we will pay under Coverage A for damages because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

7. Subject to 5. above, the Medical Expense Limit is the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

### 1. Bankruptcy

Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

### 2. Duties In The Event Of Occurrence, Offense, Claim Or Suit

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

   (1) How, when and where the "occurrence" or offense took place;

   (2) The names and addresses of any injured persons and witnesses; and

   (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If a claim is made or "suit" is brought against any insured, you must:

   (1) Immediately record the specifics of the claim or "suit" and the date received; and

   (2) Notify us as soon as practicable.

   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

   (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

   (2) Authorize us to obtain records and other information;

   (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

   (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

### 3. Legal Action Against Us

No person or organization has a right under this Coverage Part:

a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

© ISO Properties, Inc., 2003

**EXHIBIT A**

□

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489      /s/D N

**b.** To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **c.** below.

**b. Excess Insurance**

This insurance is excess over:

**(1)** Any of the other insurance, whether primary, excess, contingent or on any other basis:

**(a)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk, or similar coverage for "your work";

**(b)** That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

**(c)** That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

**(d)** If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section I – Coverage **A** – Bodily Injury And Property Damage Liability.

**(2)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(2)** The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**c. Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

**5. Premium Audit**

**a.** We will compute all premiums for this Coverage Part in accordance with our rules and rates.

**b.** Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured. The due date for audit and retrospective premiums is the date shown as the due date on the bill. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

**c.** The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.



FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489      /s/D N

**6. Representations**

By accepting this policy, you agree:

**a.** The statements in the Declarations are accurate and complete;

**b.** Those statements are based upon representations you made to us; and

**c.** We have issued this policy in reliance upon your representations.

**7. Separation Of Insureds**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

**a.** As if each Named Insured were the only Named Insured; and

**b.** Separately to each insured against whom claim is made or "suit" is brought.

**8. Transfer Of Rights Of Recovery Against Others To Us**

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

**9. When We Do Not Renew**

If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the nonrenewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

## SECTION V – DEFINITIONS

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

**a.** Notices that are published include material placed on the Internet or on similar electronic means of communication; and

**b.** Regarding web-sites, only that part of a website that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

**2.** "Auto" means:

**a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

**b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**3.** "Bodily injury" means bodily injury, sickness or disease, sustained by a person, including death resulting from any of these at any time.

**4.** "Coverage territory" means:

**a.** The United States of America (including its territories and possessions), Puerto Rico and Canada;

**b.** International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in **a.** above; or

**c.** All other parts of the world if the injury or damage arises out of:

**(1)** Goods or products made or sold by you in the territory described in **a.** above;

**(2)** The activities of a person whose home is in the territory described in **a.** above, but is away for a short time on your business; or

**(3)** "Personal and advertising injury" offenses that take place through the Internet or similar electronic means of communication

provided the insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in **a.** above or in a settlement we agree to.

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**6.** "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

**7.** "Hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

**a.** The repair, replacement, adjustment or removal of "your product" or "your work"; or

© ISO Properties, Inc., 2003

EXHIBIT A

CG 00 01 12 04      □

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489   /s/D N

b. Your fulfilling the terms of the contract or agreement.

9. "Insured contract" means:

a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

b. A sidetrack agreement;

c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e. An elevator maintenance agreement;

f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph f. does not include that part of any contract or agreement:

(1) That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

(2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

(a) Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

(b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

(3) Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

11. "Loading or unloading" means the handling of property:

a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

b. While it is in or on an aircraft, watercraft or "auto"; or

c. While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

12. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

b. Vehicles maintained for use solely on or next to premises you own or rent;

c. Vehicles that travel on crawler treads;

d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

(1) Power cranes, shovels, loaders, diggers or drills; or

(2) Road construction or resurfacing equipment such as graders, scrapers or rollers;

e. Vehicles not described in a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

(1) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

(2) Cherry pickers and similar devices used to raise or lower workers;

f. Vehicles not described in a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":



FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N

(1) Equipment designed primarily for:

    (a) Snow removal;

    (b) Road maintenance, but not construction or resurfacing; or

    (c) Street cleaning;

(2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

(3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

However, "mobile equipment" does not include any land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

    f. The use of another's advertising idea in your "advertisement"; or

    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

16. "Products-completed operations hazard":

    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        (1) Products that are still in your physical possession; or

        (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            (a) When all of the work called for in your contract has been completed.

            (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    b. Does not include "bodily injury" or "property damage" arising out of:

        (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

        (2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

        (3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or



© ISO Properties, Inc., 2003

CG 00 01 12 04

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489     /s/D N

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

   a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

   b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

**19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**20.** "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

**21.** "Your product":

   a. Means:

     (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

       (a) You;

       (b) Others trading under your name; or

       (c) A person or organization whose business or assets you have acquired; and

     (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

   b. Includes

     (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

     (2) The providing of or failure to provide warnings or instructions.

   c. Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work":

   a. Means:

     (1) Work or operations performed by you or on your behalf; and

     (2) Materials, parts or equipment furnished in connection with such work or operations.

   b. Includes

     (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

     (2) The providing of or failure to provide warnings or instructions.



FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N



### NORTON & MELNIK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

20920
WARNER CENTER LANE
SUITE B
WOODLAND HILLS, CA 91367-6540

TEL 818 999 9500
FAX 818 999 9155

GNORTON@NORTONMELNIK.COM

January 31, 2015

Insurance Facilities, Inc.
201 North Minnesota Ave.
Suite 101
Sioux Falls, SD 57104-6044

Re:  *Dos Santos v. Cedar Fair, LP.*
    Phila. County (PA) Court of Common Pleas No.: 000868
    Your Insured: KP Construction, Inc., Golden Valley, MN
    Our Client: Whitewater West Industries, Inc.
    Date of Loss: April 23, 2014

### Tender of Defense and Indemnity

Dear Sir or Madam:

We are the attorneys for Whitewater West Industries, Ltd.   We recently received the enclosed
request for defense and indemnity from defendant Cedar Fair, LP ("Cedar Fair") in connection with
the enclosed lawsuit.  By virtue of the agreement by KP Construction, our subcontractor, and our
status as an additional insured under the Nautilus policy of insurance, we hereby tender the defense
and indemnity of Cedar Fair, LP to KP Construction and Nautilus. A Certificate of Insurance is
attached hereto, as well.

We have very little more information than is contained in the correspondence from Mr. D'Amico,
who represents Cedar Fair. Please acknowledge this tender and respond to our request forthwith.

Should you require additional information, please let me know. If the information relates to the
litigation pending, please refer your questions to Mr. D'Amico.

*Very truly yours,*

NORTON & MELNIK, APC

GEOFFREY P. NORTON

GPN/kn

LOS ANGELES   CENTRAL          INLAND EMPIRE

EXHIBIT B

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489      /s/D N

Insurance Facilities, Inc.
Re: Dos Santos v. Cedar Fair
January 31, 2015
Page -2

Enclosures

cc:     Via E-mail:
        Nadia Blanchard
        Robert Philpott
        Joseph D'Amico
        Tim Kwasnicki
        Penny Pollack

NORTON & MELNIK
A PROFESSIONAL CORPORATION

# EXHIBIT B

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N



FITZPATRICK LENTZ & BUBBA
ATTORNEYS AT LAW

FITZPATRICK LENTZ & BUBBA, P.C. · 4001 SCHOOLHOUSE LANE · PO BOX 219 · CENTER VALLEY, PA 18034-0219
STABLER CORPORATE CENTER · PHONE: 610.797.9000 · FAX: 610.797.6663 · www.flblaw.com

Edward J. Lentz

Joseph A. Fitzpatrick, Jr.

Joseph A. Bubba

Timothy D. Charlesworth

Douglas J. Smillie

Ervil W. Kostra II

Joseph S. D'Amico, Jr.

Michael R. Nesfeder

Catherine E. N. Durso

Jane P. Long

Erich J. Schock

James A. Bartholomew

Jacob M. Sitman

Edward Hoffman, Jr.

Steven T. Boell

Joshua A. Gildea

Marie K. McConnell

Barbara S. Zlibermann

Anthony S. Rachuba IV

Maureen D. Shields

Thomas J. Schrgen

Colin J. Kerle

Gretchen L. Geisser

Kenneth H. Charette

Mallory J. Sweeney

James G. Kellar
1977-2007

John R. Mondschein
Special Counsel
Entry and
Mondschein Law

Douglas Panzer
Of Counsel
Intellectual Property Law

Alberto A. Lamberton
Kathleen H. Fica
Of Counsel

jsdamico@flblaw.com
January 26, 2015

**VIA FAX: (604) 273-4518**
Whitewater West Industries, Ltd.
6700 McMillan Way
Richmond, BC V6W 1J7
Attn: Ray Dubois

**VIA EMAIL and FAX: (604) 683-9316**
BFL CANADA Insurance Services, Inc.
1177 West Hastings Street, Suite 200
Vancouver, BC V6E 2K3
Attn: Greg Lagaditis
glagaditis@bflcanada.ca

RE:    Anthony Dos Santos v. Cedar Fair, L.P., et. al.
       Philadelphia County CCP December 2014 Term No. 000868

Dear Messrs. Dubois and Lagaditis:

We are counsel for Cedar Fair, LP, and its Pennsylvania amusement park, Dorney Park & Wildwater Kingdom. Recently, Dorney Park was sued in the Court of Common Pleas of Philadelphia County for an incident occurring in April 2014 during construction of the Snakepit waterslide complex.

Cedar Fair, LP contracted with Whitewater West Industries, Ltd., for that project. At the time of the incident, the injured individual was employed by KP Construction, a subcontractor retained by Whitewater West. In order to protect Dorney Park's rights, we have filed Preliminary Objections challenging venue in Philadelphia. The accident arose in Lehigh County and we do not believe there is any sound basis for venue in Philadelphia. Further, the potential exposure is magnified if the suit is allowed to continue in Philadelphia versus Lehigh County.

Pursuant to Whitewater's agreement with Cedar Fair, LP, specifically §7.2.1 as well as the Certificate of Liability Insurance, Cedar Fair, LP is entitled to a defense and indemnity. A copy of the Complaint as well as the Certificate of Liability Insurance is attached for your convenience. I also attach a copy of the pending objections.

Please acknowledge the above and confirm the steps you will take to protect Cedar Fair, LP's interests. Of course, if you have any questions or require any assistance in this regard, please do not hesitate to contact me.

Very truly yours,

Joseph S. D'Amico, Jr.

JSD/hmr
Enclosure
cc:    Kathy Hawkinson, Corporate Director of Safety (via email)

# EXHIBIT B

FILED 2/15/2019 3:58 PM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489     /s/ D N

**ACORD** **CERTIFICATE OF LIABILITY INSURANCE**   DATE (MM/DD/YYYY) 04/25/2014

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: George Legedie |
|---|---|
| BFL CANADA Insurance Services Inc. Suite 200 - 1177 West Hastings Street, Vancouver, BC V6E 2K3 | PHONE (A/C, No, Ext): 604-678-5447   FAX (A/C, No): 604-683-9316 |
| | E-MAIL ADDRESS: glegedie@bflcanada.ca |

|  | INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|---|
| INSURED Whitewater West Industries Ltd. 6700 McMillan Way, Richmond, BC V6W 1J7 | INSURER A: Liberty Mutual Insurance Company | |
| | INSURER B : | |
| | INSURER C : | |
| | INSURER D : | |
| | INSURER E : | |
| | INSURER F : | |

**COVERAGES**   CERTIFICATE NUMBER:   **REVISION NUMBER:**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** X COMMERCIAL GENERAL LIABILITY CLAIMS-MADE X OCCUR X Including Contractual Liability, where required by written contract | Y | | GLCG-170574-013 | 11/30/2013 | 11/30/2014 | EACH OCCURRENCE | $ 2,000,000USD |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ 2,000,000USD |
| | GEN'L AGGREGATE LIMIT APPLIES PER: X POLICY PRO-JECT LOC | | | | | | GENERAL AGGREGATE | $ |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000USD |
| | | | | | | | | $ |
| | **AUTOMOBILE LIABILITY** ANY AUTO ALL OWNED AUTOS SCHEDULED AUTOS HIRED AUTOS NON-OWNED AUTOS | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | UMBRELLA LIAB OCCUR EXCESS LIAB CLAIMS-MADE DED RETENTION $ | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | | | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | | N/A | | | | WC STATU-TORY LIMITS OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

Evidence of Insurance - Project No. 30938, Dorney Park & Wildwater Kingdom

It is understood and agreed that Cedar Fair, L.P. is added as an Additional Insured to the Commercial General Liability policy but only with respect to liability arising out of the operations of the Named Insured as it relates to the activity to which this certificate applies.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Cedar Fair, L.P. One Cedar Point Drive Sandusky, OH 44870-5259 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE BFL Canada Insurance Services Inc. Per: G. Vandit |

ACORD 25 (2010/05)   The ACORD name and logo are registered marks of ACORD   © 1988-2010 ACORD CORPORATION. All rights reserved.

**EXHIBIT B**

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N

STARK & STARK, P.C.
By:   R. Tyler Tomlinson, Esquire, I.D. #76678
By:   Ian S. Abovitz, Esquire, I.D. #307724
777 Township Line Road, Suite 120
Yardley, PA 19067
Telephone: (267) 907-9600
Facsimile:  (267) 907-9659
rtomlinson@stark-stark.com
iabovitz@stark-stark.com

*Attorneys for Plaintiffs*

Filed and Attested by
PROTHONOTARY
06 DEC 2014 05:55 pm
D. SAVAGE

| | |
|---|---|
| ANTHONY DOS SANTOS, III<br>1802B Holly Drive<br>North Myrtle Beach, SC 29582 | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY,<br>PENNSYLVANIA |
| | CIVIL DIVISION |
| vs. | December 2014 |
| CEDAR FAIR, L.P.<br>3830 Dorney Park Road<br>Allentown, PA 18104 | No: 000868<br>NON JURY DEMANDED |

### NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND
INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone:  (215) 238-1701

### AVISO PARA DEFENDER

USTED HA SIDO DEMANDADO/A EN LA CORTE. Si usted desea defender contra la demanda puestas en las siguientes páginas, usted tienen que tomar acción dentro veinte (20) días después que esta Demanda y Aviso es servido, con entrando por escrito una aparencia personalmente o por un abogado y archivando por escrito con la Corte sus defensas o objeciones a las demandas puestas en esta contra usted. Usted es advertido que si falla de hacerlo el caso puede proceder sin usted y un juzgamiento puede ser entrado contra usted por la Corte sin más aviso por cualquier dinero reclamado en la Demanda o por cualquier otro reclamo o alivio solicitado por Demandante, Usted puede perder dinero o propiedad o otros derechos importante para usted.

USTED DEBE LLEVAR ESTE PAPEL A SU ABOGADO ENSEGUIDA. SI USTED NO TIENE UN ABOGADO, VAYA O LLAME POR TELÉFONO LA OFICINA FIJADA AQUI ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACIÓN DE CÓMO CONSEGUIR UN ABOGADO.

SI USTED NO PUEDE PAGARLE A UN ABOGADO ESTA OFICINA PUEDE PROVEERÁ INFORMACIÓN ACERCA AGENCIAS QUE PUEDAN OFRECER SERVICIOS LEGAL A PERSONAS ELIGIBLE AQ UN HONORARIO REDUCIDO Ó GRATIS.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA
E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania  19107
Telefono:  (215) 238-1701

Case ID: 141200868



**EXHIBIT B**

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489     /s/D N

STARK & STARK                                    Attorneys for Plaintiffs
A Professional Corporation
By: R. Tyler Tomlinson, Esquire, Atty ID.: 76678
By: Ian S. Abovitz, Esquire, Atty ID.: 307724
777 Township Line Road, Suite 120
Yardley, PA 19067
Phone:  (267)907-9600
Facsimile: (267)907-9659
ttomlinson@stark-stark.com
iabovitz@stark-stark.com

| | | |
|---|---|---|
| ANTHONY DOS SANTOS, III<br>1802B Holly Drive<br>North Myrtle Beach, SC 29582 | :<br>:<br>:<br>: | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY,<br>PENNSYLVANIA |
| | : | CIVIL DIVISION |
| vs. | :<br>: | *December 2014*<br>No. *000 868* |
| CEDAR FAIR, L.P.<br>3830 Dorney Park Road<br>Allentown, PA 18104 | :<br>:<br>: | NON JURY DEMANDED |

## CIVIL ACTION COMPLAINT

1.      Plaintiff, Anthony Dos Santos is an adult individual residing at 1802B Holly

Drive, North Myrtle Beach, SC 29582.

2.      Defendant, Cedar Fair, L.P. (hereinafter "Cedar Fair"), is a corporation or other

similar entity licensed to conduct business in the Commonwealth of Pennsylvania, with a

principal place of business at 3830 Dorney Park Road, Allentown, PA 18104.

3.      Defendant, Cedar Fair, regularly conduct business within Philadelphia County

and is subject to venue in Philadelphia County pursuant to Pennsylvania Rule of Civil Procedure

2179.

4.      At all times material to Plaintiffs' cause of action, Defendant, Cedar Fair, was the

owner, operator, and responsible for maintenance of a certain amusement park located at 3830

Case ID: 141200868



FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489   /s/D N

Dorney Park Road, Allentown, PA 18104 and commonly known as "Dorney Park and Wildwater Kingdom."

5.  At all time material to Plaintiffs' cause of action, Plaintiff was employed by KP Construction, a company that was retained by Defendant, Cedar Fair, to install a water slide or other similar attraction at Dorney Park and Wildwater Kingdom.

6.  At all times material to Plaintiffs' cause of action, Plaintiff was acting within the course and scope of his employment with KP Construction.

7.  On or about April 23, 2014, Plaintiff's co-worker was operating a fork lift while installing a water slide at Dorney Park and Wildwater Kingdom, when suddenly and without warning, a golf cart being operated by Defendant, Cedar Point's employees negligently and carelessly stopped in the direct path of the aforementioned forklift, causing the operator of the forklift to run over Plaintiff's right foot and causing Plaintiff to sustain serious, painful and permanent personal injuries more particularly described below.

## COUNT I- NEGLIGENCE
### ANTHONY DOS SANTOS, III V. CEDAR POINT, L.P.

8.  Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if same were set forth herein at length.

9.  Defendant, Cedar Point, is vicariously liable for the negligent actions of its employees as described in paragraph seven (7) above due to the fact that said employees were acting in the course and scope of their employment with Defendant, Cedar Point, at the time of the aforesaid incident and was operating a vehicle owned by Defendant.

10.  Defendant, Cedar Point, is independently liable to Plaintiff for the personal injury damages which were proximately and directly caused by Defendant's own negligence in:

Case ID: 14120086£



FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489      /s/D N

a) Failing to adequately train its own employees regarding the operation of golf carts in and around an active work site;

b) Failing to hire a safe, competent and qualified contractor to install water slides at their amusement park;

c) Failing to enforce all applicable rules and regulations regarding the operation of a forklift at their facility;

d) Failing to enforce its own procedures concerning the operation of forklifts;

e) Failing to ensure that KP Construction's employee were operating the subject forklift in compliance with all applicable safety regulations;

f) Permitting KP Construction's employee to operate the subject forklift at Defendant's facility when he was not qualified to do so;

g) Allowing KP Construction's employee to operate a commercial vehicle on Defendant's property when Defendant knew or should have known that the aforementioned employee was not qualified to do so and presented a danger to the public;

h) Allowing KP Construction's employee to operate a commercial vehicle on Defendant's property when Defendant knew or should have known that the aforementioned employee was under the influence of a controlled substance;

i) Allowing KP Construction's employee to operate a commercial vehicle on Defendant's property when Defendant knew or should have known that the aforementioned employee was operating in violation of multiple internal and/or external safety regulations; and

j) Failing to provide Plaintiff with a safe work site.

Case ID: 141200868



EXHIBIT B

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489   /s/D N

11.     As a result of the accident, Plaintiff, Anthony Dos Santos, III, sustained injuries to his right foot, its bones, cells, nerves, tissues, muscles and functions, including but not limited to a crush injury to his right foot and fracture right fibula ultimately requiring surgical intervention in the form of a below the knee amputation of his right leg, together with a severe shock to his nerves and nervous system, some or all of which Plaintiff has been advised are serious and may be permanent in nature.

12.     As a result of the accident, Plaintiff has undergone great physical pain and mental anguish and he may continue to endure the same for an indefinite time in the future, to his great detriment and loss.

13.     As a result of the accident, Plaintiff has been compelled to expend large sums of money for medicine and medical care and attention in an effort to effect a cure of his injuries, and he may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to his great detriment and loss.

14.     As a result of the accident, Plaintiff has been unable to attend to his usual and daily activities and he may be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiff, Anthony Dos Santos, III, claims damages of Defendant, Cedar Fair, L.P., in an amount in excess of FIFTY THOUSAND ($50,000) DOLLARS together with interest and costs.

STARK & STARK
A Professional Corporation

By: _____

TYLER TOMLINSON
IAN S. ABOVITZ
*Attorneys for Plaintiffs*

Case ID: 141200868



FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489      /s/D N

## VERIFICATION

I, ANTHONY DOS SANTOS, III, verify that the facts set forth in the foregoing CIVIL
ACTION COMPLAINT are true and correct to the best of my knowledge, information and
belief, and that false statements herein are made subject to the penalties of 18 Pa. C.S. Section
4904, relating to unsworn falsifications to authorities.

_____
ANTHONY DOS SANTOS, III

Date:

Case ID: 141200868

# EXHIBIT B

FILED 2/15/2019 3:58 PM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489     /s/D N

Joseph S. D'Amico, Jr.
Jsdamico@flbblaw.com
I.D. No. 55645
Fitzpatrick Lentz & Bubba, P.C.
4001 Schoolhouse Lane
P.O. Box 219
Center Valley, Pa 18034-0219
(610) 797-9000

Attorney for Defendant Cedar Fair, L.P.

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY,
PENNSYLVANIA
CIVIL ACTION - LAW

ANTHONY DOS SANTOS, III          :     December term 2014
       Plaintiff          :     No. 000868
   v.          :
              :
CEDAR FAIR, L.P.          :
       Defendant          :

## NOTICE TO PLEAD

TO:  ANTHONY DOS SANTOS, III
    c/o R. Tyler Tomlinson, Esquire
    Ian S. Abovitz, Esquire
    777 Township Line Road, Suite 120
    Yardley, PA 19067
    *Counsel for Plaintiffs*

You are hereby notified to file a written response to the enclosed Preliminary Objections of

Defendant, Cedar Fair, L.P. to Plaintiff's Complaint within twenty (20) days from service hereof or

a judgment may be entered against you on the Preliminary Objections.

FITZPATRICK LENTZ & BUBBA, P.C.

DATE: 1/20/2015          BY: */s/ Joseph S. D'Amico, Jr.*
               Joseph S. D'Amico, Jr.
               I.D. No. 55645
               4001 Schoolhouse Lane, P.O. Box 219
               Center Valley, PA 18034-0219
               (610) 797-9000
               Attorney for Defendant Cedar Fair,
               L.P., t/a Cedar Fair Entertainment

EXHIBIT B

Case ID: 141200868

FILED 2/15/2019 3:58 PM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489   /s/D N

Joseph S. D'Amico, Jr.
jsdamico@flblaw.com
I.D. No. 55645
Fitzpatrick Lentz & Bubba, P.C.
4001 Schoolhouse Lane
P.O. Box 219
Center Valley, Pa 18034-0219
(610) 797-9000

Attorney for Defendant Cedar Fair, L.P.

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
### CIVIL ACTION - LAW

| | | |
|---|---|---|
| ANTHONY DOS SANTOS, III | : | December term 2014 |
| Plaintiff | : | No. 000868 |
| v. | : | |
| | : | |
| CEDAR FAIR, L.P. | : | |
| Defendant | : | |

### DEFENDANT'S PRELIMINARY OBJECTIONS RAISING IMPROPER VENUE

Defendant, Cedar Fair, L.P. t/a Cedar Fair Entertainment Company, also t/a Dorney Park & Wildwater Kingdom ("Cedar Fair" or "Dorney Park") through its counsel, Fitzpatrick Lentz & Bubba, P.C., and pursuant to Pennsylvania Rules of Civil Procedure 1006 and 1028, files Preliminary Objections to the Complaint in Civil Action and in support thereof avers as follows:

1.  Plaintiff, a resident of North Myrtle Beach, South Carolina, filed a Complaint on December 4, 2014.

2.  Plaintiff's Complaint seeks damages for injuries suffered by him while working at Dorney Park on April 23, 2014. Dorney Park is located at 3830 Dorney Park Road, South Whitehall Township, Lehigh County, Pennsylvania.

3.  Plaintiff's Complaint correctly identifies Cedar Fair, L.P. as the owner and operator of the amusement park known as Dorney Park & Wildwater Kingdom. (Complaint ¶4).

# EXHIBIT B

Case ID: 141200868

Cedar Fair, L.P. is a publicly traded limited partnership which owns and operates the amusement park. It is commonly referred to and trades as Cedar Fair Entertainment Company. It also trades as Dorney Park & Wildwater Kingdom. For ease of reference in these objections hereinafter Defendant is collectively referred to as Dorney Park.

## I. PRELIMINARY OBJECTION RAISING IMPROPER VENUE PURSUANT TO Pa. R.C.P. 1006 AND 1028.

4.     Dorney Park incorporates by reference paragraphs 1 - 3 of its Objections as if fully set forth herein.

5.     As disclosed in its title, Cedar Fair, L.P. is a limited partnership. Venue in actions against a partnership are governed by Pa. R.C.P. 1006(b) and 2130(a), the latter of which provides:

> (a)     Except as otherwise provided by subdivision (c) of this rule, an action against a partnership may be brought in and only in a county where the partnership regularly conducts business, or in the county where the cause of action arose or in a county where a transaction or occurrence took place out of which the cause of action arose . . . . Pa.R.C.P. 2130(a)

6.     Rule 2130 does not provide any grounds for venue in Philadelphia for Mr. Dos Santos' suit.

7.     Dorney Park objects to venue in Philadelphia County pursuant to Pa. R.C.P. 1028(a)(1) for the following reasons:

a)     The cause of action did not arise in Philadelphia County. Instead, the alleged accident occurred in Lehigh County where Dorney Park also has its registered Pennsylvania office;

b)     No transaction or occurrence under which the cause of action arose took place in Philadelphia County, Pennsylvania; and

c)     The Complaint incorrectly avers Dorney Park does business in Philadelphia County. On the contrary, Cedar Fair does not do business in Philadelphia County as interpreted under settled law and the purpose of determining proper venue.

# EXHIBIT B

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489   /s/D N

**ACORD**

# CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
02/20/2013

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | | | CONTACT NAME: | | |
|---|---|---|---|---|---|
| Insurance Facilities, Inc | | | PHONE (A/C, No, Ext): | | FAX (A/C, No): |
| 201 North Minnesota Avenue, Suite 101 | | | E-MAIL ADDRESS: | | |
| Sioux Falls       SD    57104-6044 | | | PRODUCER CUSTOMER ID #: | | |
| | | | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| INSURED | | | INSURER A : Nautilus Insurance Company | | |
| | KP Construction, Inc | | INSURER B : | | |
| | 7440 Ridgeway Road | | INSURER C : | | |
| | Golden Valley      MN    55427 | | INSURER D : | | |
| | | | INSURER E : | | |
| | | | INSURER F : | | |

**COVERAGES**      **CERTIFICATE NUMBER:**      **REVISION NUMBER:**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | GENERAL LIABILITY | | | BN960853 | 07/01/2012 | 07/01/2013 | EACH OCCURRENCE | $ 1,000,000 |
| | [X] COMMERCIAL GENERAL LIABILITY | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000 |
| | [ ] CLAIMS-MADE [X] OCCUR | | | | | | MED EXP (Any one person) | $ 5,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | [X] POLICY [ ] PRO-JECT [ ] LOC | | | | | | | $ |
| | AUTOMOBILE LIABILITY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | [ ] ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | [ ] ALL OWNED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | [ ] SCHEDULED AUTOS | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | [ ] HIRED AUTOS | | | | | | | $ |
| | [ ] NON-OWNED AUTOS | | | | | | | $ |
| | [ ] UMBRELLA LIAB [ ] OCCUR | | | | | | EACH OCCURRENCE | $ |
| | [ ] EXCESS LIAB [ ] CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | [ ] DEDUCTIBLE | | | | | | | $ |
| | [ ] RETENTION $ | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY       Y/N | N/A | | | | | [ ] WC STATU-TORY LIMITS [ ] OTH-ER | |
| | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? | | | | | | E.L. EACH ACCIDENT | $ |
| | (Mandatory in NH) | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | If yes, describe under SPECIAL PROVISIONS below | | | | | | E.L. DISEASE - POLICY LIMIT | $ |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

Certificate Holder is named as Additional Insured per form CG2010(attached).

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| White Water West Industries, Inc | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| 6700 McMillan Way | |
| Richmond BC, Canada V6W 1J7 | AUTHORIZED REPRESENTATIVE |
| ATTN: Kim-FAX: 604.273.4518 | Robert J. Schneider |

© 1988- 2009 ACORD CORPORATION.  All rights reserved.

ACORD 25 (2009/09)

# EXHIBIT B

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N



# NAUTILUS INSURANCE GROUP®

Nautilus Insurance Company          Great Divide Insurance Company

June 23, 2015

**CERTIFIED-RETURN RECEIPT - CLAIM # 10077791**

Geoffrey P. Norton
Norton & Melnik
20920 Warner Center Lane, Suite B
Woodland Hills, CA  91367-6540

RE:    *Anthony Dos Santos, III v. Cedar Fair, L.P., et al.*[1]

|  |  |
|---|---|
| Case No. 15 0502858 – Court of Common Pleas, Philadelphia County, Pennsylvania | |
| Company: | Nautilus Insurance Company |
| Claim Number: | 10077791 |
| Insured: | KP Construction, Inc. |
| Plaintiff: | Anthony Dos Santos, II |
| Policy Number: | BN957960 |
| Date of Loss: | 04/23/2014 |
| Policy Period: | 07/01/2013 to 07/01/2014 |

Dear Mr. Norton:

Nautilus Insurance Company has considered your request on behalf of Whitewater West Industries, Inc. ("Whitewater"), for coverage as an additional insured on the Nautilus Insurance Company policy issued to KP Construction, Inc. ("KP"), for the above-referenced matter. For the reasons explained in this letter, the policy does not provide coverage to Whitewater for these lawsuits.

Whitewater qualifies as an additional insured subject to the following endorsement (form CG 20 10 07/04):

### THIS ENDORSEMENT CHANGES THE POLICY.
### PLEASE READ IT CAREFULLY.

### ADDITIONAL INSURED – OWNERS, LESSEES OR

### CONTRACTORS – SCHEDULED PERSON OR

### ORGANIZATION

This endorsement modifies insurance provided under the following:

---

[1] This lawsuit is the same matter as is filed in the same court under Case No. 000868. It is unclear as to why there are two separate suits in the same venue. The facts relevant to our coverage analysis are the same in both cases, and this letter addresses Nautilus Insurance Company's position as to both suits.

7233 East Butherus Drive     Scottsdale, Arizona 85260     Phone 800.842.8972     480.951.0905     Fax 480.951.9730



EXHIBIT C

FILED 2/15/2019 3:58 PM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489   /s/D N

Geoffrey P. Norton
10077791
June 23, 2015
Page 2 of 12

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

#### SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s): | Location(s) Of Covered Operations |
| --- | --- |
| White Water West Industries, Inc.<br>6700 McMillan Way, Richmond BC, Canada | As needed for installation of water slides/metal erection |
| Splashtacular Entertainment<br>102 W. Kaskaskia, Suite 201, Paola, KS | As needed for installation of water slides/metal erection |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

   **1.**   Your acts or omissions; or

   **2.**   The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to "bodily injury" or "property damage" occurring after:

   **1.**   All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

   **2.**   That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

We wish to make it clear at the outset that we recognize that the allegations made in this lawsuit are only allegations that may be untrue, embellished or exaggerated, and we do not accept them as true. Nothing in this letter should be construed otherwise. However, we must necessarily refer to the allegations in order to discuss the coverage issues and to determine whether the policy will respond to the claims being made.

In the lawsuits, it is alleged that Cedar Fair hired Whitewater to install multiple waterslides at Dorney Park and Wildwater Kingdom ("the park"). Whitewater hired KP to assist in the installation. Plaintiff Anthony Dos Santos, II, ("Dos Santos") was employed by KP, and in the course of performing work on a job site at

**EXHIBIT C**

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N

Geoffrey P. Norton
10077791
June 23, 2015
Page 3 of 12

the park, a co-employee was using a forklift to transport a large support beam across a narrow bridge. Plaintiff was guiding him by walking alongside the forklift. At the same time, an employee of defendant Orlando Diefenderfer Electrical Contractors, Inc., was operating a 4-wheel ATV and was attempting to cross the narrow bridge in the opposite direction of the forklift. As the two vehicles attempted to cross the narrow bridge, the operator of the forklift was caused to run over Plaintiff's right foot, resulting in serious, painful, and permanent personal injuries.

Plaintiff sues Cedar Fair[2] for Negligence in Count I of the lawsuits. Whitewater seeks coverage for its indemnity obligations to Cedar Fair. The allegations against Cedar Fair – for its own independent negligence – include, among other things, failure to hire safe, competent, and qualified contractors to install water slides and to perform electrical work at the park, failure to provide Plaintiff with a safe work site, and allowing KP's employee to operate the forklift when he was not qualified to do so and while under the influence of a controlled substance.

Plaintiff sues Whitewater for Negligence in Count II of the second lawsuit (Case No. 150502858)[3]. Plaintiff alleges that Whitewater is independently liable for its own negligence for such acts as, among other things, failure to adequately train their employees and the employees of all subcontractors regarding the operation of commercial forklifts in and around an active worksite, failing to hire safe, competent, and qualified subcontractors to install the water slides, and failure to enforce its own procedures regarding operation of the forklifts.

Plaintiff alleges that as a result of the accident, he sustained injuries to his right foot, its bones, cells, nerves, tissues, muscles, and functions, including but not limited to a crush injury to his right foot and fracture of his right fibula, ultimately requiring surgical intervention in the form of a below-the-knee amputation of his right leg, together with severe shock to his nerves and nervous system, some or all of which may be permanent in nature. Plaintiff has undergone great physical pain and mental anguish and has been, and will be, compelled to expend large sums of money for medicine and medical care. He has been unable to attend to his usual and daily activities and may be unable to do so for an indefinite time in the future. Plaintiff claims damages in excess of $50,000, together with interest and costs.

Nautilus Insurance Company issued its policy of insurance to KP Construction, Inc., for the period of 07/01/2013 to 07/01/2014 with policy limits of $1 million per occurrence, subject to a $2 million general aggregate. As an additional insured, Whitewater is subject to the same terms, conditions, limits, exclusions, limitations, etc., as KP and is subject to the language in the endorsement that provides additional-insured status to Whitewater.

The Insuring Agreement found in the policy's form CG 00 01 (12/04), "Commercial General Liability Coverage Form", under "Coverage A. Bodily Injury and Property Damage Liability", reads, in part, as follows:

"SECTION I - COVERAGES

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.      Insuring Agreement.

---

[2] Plaintiff mistakenly identifies Cedar Fair as Cedar Point in this section of the Complaint.
[3] Whitewater is added as a defendant in this lawsuit. They were not a defendant in the first lawsuit.



EXHIBIT C

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489   /s/D N

Geoffrey P. Norton
10077791
June 23, 2015
Page 4 of 12

a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)   The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

(2)   Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

b.   This insurance applies to "bodily injury" and "property damage" only if:

(1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and

(2)   The "bodily injury" or "property damage" occurs during the policy period..."

The following are definitions that are relevant to the Coverage A Insuring Agreement. They, as all of the definitions cited herein, can be found in SECTION V – DEFINITIONS:

* * *

3.   "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

13.   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

# EXHIBIT C

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N

Geoffrey P. Norton
10077791
June 23, 2015
Page 5 of 12

17.    "Property damage" means:

a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

18.    "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a.    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b.    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent."

The policy includes form L216 (07/09), Amendment of Definitions – Insured Contract, which amends the definition of "insured contract." The section of the endorsement that is relevant to our coverage analysis is 9.f.

THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.

**AMENDMENT OF DEFINITIONS - INSURED CONTRACT
(Limited Form)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

Definition **9.** "insured contract" of the **Definitions** section is **replaced** by the following:

# EXHIBIT C

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489      /s/D N

Geoffrey P. Norton
10077791
June 23, 2015
Page 6 of 12

9.  "Insured contract" means any written:

a.  Contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for "property damage" to premises while rented or loaned to you, or temporarily occupied by you with permission of the owner, is not an "insured contract";

b.  Sidetrack agreement;

c.  Easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d.  Obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e.  Elevator maintenance agreement; or

f.  Part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

An "insured contract" does not include that part of any contract or agreement:

a.  That indemnifies any person or organization for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

b.  That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

    (1)  Preparing, approving or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, designs, drawings, or specifications; or

    (2)  Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage;

# EXHIBIT C

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N

Geoffrey P. Norton
10077791
June 23, 2015
Page 7 of 12

    c.    Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **b.(1)** or **b.(2)** above and supervisory, inspection, architectural or engineering activities; or

    d.    That indemnifies any person or organization for "bodily injury" or "property damage" arising from the ownership, maintenance, or use of any aircraft.

All other terms and conditions of this policy remain unchanged.

As you can see from the above policy language, the policy provides coverage for damages because of "bodily injury" and "property damage" that occur during the policy period and are caused by an "occurrence." The coverage provided is subject to the policy language, terms, conditions, exclusions and endorsements to the policy.

Coverage A – Bodily Injury and Property Damage Liability -- is subject to various exclusions. These are in the Exclusions section of Coverage A in the Commercial General Liability Coverage Form (CG 00 01 12/04).

Exclusion 2.b. of Coverage A states:

    b.    **Contractual Liability**

    "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

    (1)    That the insured would have in the absence of the contract or agreement; or

    (2)    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

    (a)    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

    (b)    Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

# EXHIBIT C

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N

Geoffrey P. Norton
10077791
June 23, 2015
Page 8 of 12

Whitewater seeks coverage for its contractual obligations to Cedar Fair, who, by their attorney's letter of January 26, 2015, requests defense and indemnification as to the first lawsuit in which only Cedar Fair is a defendant. The Contractual Liability exclusion is affected by the amended Employer's Liability Exclusion found in the below endorsement, form L205 (11/10), which serves to exclude coverage for any obligation to pay someone else for damages for an employee's injury or to share such damages.

Coverage A of the Commercial General Liability Coverage Form contains Exclusion 2.e. – Employer's Liability Exclusion. However, the Exclusion is replaced by form L205 (11/10), Exclusion – Injury To Employees, Contractors, Volunteers and Other Workers, which states as follows:

THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.

**EXCLUSION - INJURY TO EMPLOYEES, CONTRACTORS,
VOLUNTEERS AND OTHER WORKERS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** **Exclusion e. Employer's Liability of 2. Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability is replaced by the following:**

This insurance does not apply to:

**e.** **Injury to Employees, Contractors, Volunteers and Other Workers**

"Bodily injury" to:

**(1)** "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or

**(2)** Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors

arising out of and in the course of:

**(a)** Employment by any insured; or

**(b)** Directly or indirectly performing duties related to the conduct of any insured's business; or



FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N

Geoffrey P. Norton
10077791
June 23, 2015
Page 9 of 12

(3)     The spouse, child, parent, brother or sister of that "employee", "leased worker", "temporary worker", "volunteer worker", statutory "employee", casual worker, seasonal worker, contractor, subcontractors, or independent contractor arising out of Paragraph (1) or (2) above.

This exclusion applies:

(1)     Regardless of where the:

(a)     Services are performed; or
(b)     "Bodily injury" occurs; and

(2)     Whether any insured may be liable as an employer or in any other capacity; and

(3)     To any obligation to share damages with or repay someone else who must pay damages because of the injury.

B.     Exclusion **a. Any Insured** of **2. Exclusions** of **Section I - Coverage C - Medical Payments** is replaced by the following:

We will not pay expenses for "bodily injury":

a.     **Any Insured**

To any insured.

All other terms and conditions of this policy remain unchanged.

The following policy definitions are relevant to the above exclusions:

**"SECTION V – DEFINITIONS**

\* \* \*

5.     "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\* \* \*

10.     "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

\* \* \*

# EXHIBIT C

FILED 2/15/2019 3:58 PM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489     /s/D N

Geoffrey P. Norton
10077791
June 23, 2015
Page 10 of 12

19.    "Temporary worker" means a person who is furnished to
       you to substitute for a permanent "employee" on leave or
       to meet seasonal or short-term workload conditions."

Although Whitewater qualifies as an additional insured pursuant to the indicated endorsement, the Employer's Liability Exclusion, as amended by form L205 (11/10) – Exclusion – Injury to Employees, Contractors, Volunteers and Other Workers (cited previously) – precludes coverage for "bodily injury" to an "employee" of **any** insured arising out of and in the course of employment by KP or performing duties related to the conduct of KP's business. Because Dos Santos was KP's employee, he was an "employee" of **any** insured. Therefore, the exclusion applies not only to KP, but to anyone who qualifies as an insured (which Whitewater does pursuant to the cited endorsement). Based upon the Employer's Liability Exclusion, as amended by form L205 (11/10) – Exclusion – Injury to Employees, Contractors, Volunteers and Other Workers, Nautilus regrets to inform you that we reject the tender of the lawsuits by Whitewater and disclaim coverage to Whitewater as an additional insured under Coverage A – Bodily Injury and Property Damage Liability.

The Commercial General Liability Coverage Form contains Coverage B – Personal and Advertising Injury Liability. Its Insuring Agreement states as follows:

"COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1.    Insuring Agreement

      a.    We will pay those sums that the insured becomes legally
            obligated to pay as damages because of "personal and
            advertising injury" to which this insurance applies. We
            will have the right and duty to defend the insured against
            any "suit" seeking those damages. However, we will
            have no duty to defend the insured against any "suit"
            seeking damages for "personal and advertising injury" to
            which this insurance does not apply. We may, at our
            discretion, investigate any offense and settle any claim
            or "suit" that may result. But:

            (1)    The amount we will pay for damages is limited
                   as described in Section III – Limits Of Insurance;
                   and

            (2)    Our right and duty to defend end when we have
                   used up the applicable limit of insurance in the
                   payment of judgments or settlements under
                   Coverages A or B or medical expenses under
                   Coverage C.

            No other obligation or liability to pay sums or perform
            acts or services is covered unless explicitly provided for
            under Supplementary Payments – Coverages A and B.

      b.    This insurance applies to "personal and advertising
            injury" caused by an offense arising out of your business
            but only if the offense was committed in the "coverage
            territory" during the policy period."

# EXHIBIT C

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489      /s/D N

Geoffrey P. Norton
10077791
June 23, 2015
Page 11 of 12

The following policy definitions that are applicable to this coverage part are found in **SECTION V – DEFINITIONS:**

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

   a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

   b. Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

   \* \* \*

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

   f. The use of another's advertising idea in your "advertisement"; or

   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

There is no coverage for these lawsuits under Coverage B because plaintiff does not allege a "personal and advertising injury" offense.

Nautilus Insurance Company does not limit its right to assert limitations on coverage to the provisions of the policy set forth above. Rather, it reserves its rights to enforce any and all of the provisions, including policy conditions.

# EXHIBIT C

Geoffrey P. Norton
10077791
June 23, 2015
Page 12 of 12

We reserve the right to review any additional lawsuits or amendments to this lawsuit to make a separate determination as to whether either a defense, or indemnity, might be provided by Nautilus Insurance Company.   It is possible that we might provide a defense and/or indemnity on a new or amended Complaint.   Our decision on coverage is based only on the allegations in the lawsuits and facts as presented to us to date and should not be construed as applicable to a new suit or an amendment to these suits.  Our right to have notice of either situation is reserved, as are the notice conditions of the policy.

We ask that you immediately clarify and provide for our consideration any additional information or facts you currently have in your possession or may develop in the future that may change our decision regarding coverage of this loss, thereby providing us the opportunity to reconsider our position.

Nautilus Insurance Company specifically reserves the right to bring an action to declare the obligations and responsibilities of the parties hereto under the contract of insurance in question, at any time.

We regret that we could not be of service in this particular instance but hope you understand that we must be guided by the language contained in the policy to determine whether or not coverage exists for a particular loss, claim or suit.  If you feel that we are incorrect in our assessment of the coverage issues or if you have questions, comments, or objections regarding the contents of this letter, or if you desire to discuss further the content of this letter or the claim in general, please feel free to contact me at (800) 842-8972 ext. 5852.

Sincerely,
Nautilus Insurance Company

Tammie M. Carr
Litigation Specialist
Email: tcarr@nautilus-ins.com

cc:     4002 - 1   CONCORDE GENERAL AGENCY, INC.

cc:     Penny and Steve Pollack
        KP Construction, Inc.
        7440 Ridgeway Road
        Golden Valley, MN  55427

cc:     Advance Insurance Agency, Inc.
        5241 Viking Drive, Suite 200
        Edina, MN  55435



# EXHIBIT C

FILED 2/15/2019 3:58 PM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N



# NAUTILUS INSURANCE GROUP®

Nautilus Insurance Company          Great Divide Insurance Company

June 23, 2015

**CERTIFIED-RETURN RECEIPT - CLAIM # 10077791**

Penny and Steve Pollack
KP Construction, Inc.
7440 Ridgeway Road
Golden Valley, MN  55427

RE:     *Anthony Dos Santos, III v. Cedar Fair, L.P., et al.*[1]
          Case No. 15 0502858 – Court of Common Pleas, Philadelphia County, Pennsylvania
          Company:            Nautilus Insurance Company
          Claim Number:       10077791
          Insured:            KP Construction, Inc.
          Plaintiff:          Anthony Dos Santos, II
          Policy Number:      BN957960
          Date of Loss:       04/23/2014
          Policy Period:      07/01/2013 to 07/01/2014

Dear Mr. and Mrs. Pollack:

This will follow up our recent conversations regarding the above-referenced lawsuits submitted to us by Whitewater West Industries, Ltd. ("Whitewater") for coverage as an additional insured under the policy issued to KP Construction, Inc. ("KP"), by Nautilus Insurance Company.  As I informed you, and as explained in this letter, the policy does not provide coverage to Whitewater for these lawsuits.

We wish to make it clear at the outset that we recognize that the allegations made in this lawsuit are only allegations that may be untrue, embellished or exaggerated, and we do not accept them as true.  Nothing in this letter should be construed otherwise.  However, we must necessarily refer to the allegations in order to discuss the coverage issues and to determine whether the policy will respond to the claims being made.

In the lawsuits, it is alleged that Cedar Fair hired Whitewater to install multiple waterslides at Dorney Park and Wildwater Kingdom ("the park").  Whitewater hired KP to assist in the installation.  Plaintiff Anthony Dos Santos, II, ("Dos Santos") was employed by KP, and in the course of performing work on a job site at the park, a co-employee was using a forklift to transport a large support beam across a narrow bridge.  Plaintiff was guiding him by walking alongside the forklift.  At the same time, an employee of defendant Orlando Diefenderfer Electrical Contractors, Inc., was operating a 4-wheel ATV and was attempting to cross the narrow bridge in the opposite direction of the forklift.  As the two vehicles attempted to cross the narrow bridge, the operator of the forklift was caused to run over Plaintiff's right foot, resulting in serious, painful, and permanent personal injuries.

---

[1] This lawsuit is the same matter as is filed in the same court under Case No. 000868.  It is unclear as to why there are two separate suits in the same venue.  The facts relevant to our coverage analysis are the same in both cases, and this letter addresses Nautilus Insurance Company's position as to both suits.

7233 East Butherus Drive    Scottsdale, Arizona 85260    Phone 800.842.8972    480.951.0905    Fax 480.951.9730



Penny and Steve Pollack
10077791
June 23, 2015
Page 2 of 14

Plaintiff sues Cedar Fair[2] for Negligence in Count I of the lawsuits.  Whitewater seeks coverage for its indemnity obligations to Cedar Fair.  The allegations against Cedar Fair – for its own independent negligence – include, among other things, failure to hire safe, competent, and qualified contractors to install water slides and to perform electrical work at the park, failure to provide Plaintiff with a safe work site, and allowing KP's employee to operate the forklift when he was not qualified to do so and while under the influence of a controlled substance.

Plaintiff sues Whitewater for Negligence in Count II of the second lawsuit (Case No. 150502858)[3].  Plaintiff alleges that Whitewater is independently liable for its own negligence for such acts as, among other things, failure to adequately train their employees and the employees of all subcontractors regarding the operation of commercial forklifts in and around an active worksite, failing to hire safe, competent, and qualified subcontractors to install the water slides, and failure to enforce its own procedures regarding operation of the forklifts.

Plaintiff alleges that as a result of the accident, he sustained injuries to his right foot, its bones, cells, nerves, tissues, muscles, and functions, including but not limited to a crush injury to his right foot and fracture of his right fibula, ultimately requiring surgical intervention in the form of a below-the-knee amputation of his right leg, together with severe shock to his nerves and nervous system, some or all of which may be permanent in nature.  Plaintiff has undergone great physical pain and mental anguish and has been, and will be, compelled to expend large sums of money for medicine and medical care.  He has been unable to attend to his usual and daily activities and may be unable to do so for an indefinite time in the future.  Plaintiff claims damages in excess of $50,000, together with interest and costs.

Nautilus Insurance Company issued its policy of insurance to KP Construction, Inc., for the period of 07/01/2013 to 07/01/2014 with policy limits of $1 million per occurrence, subject to a $2 million general aggregate.

Please refer to the Insuring Agreement found in Form CG 00 01 (12/04), "Commercial General Liability Coverage Form", under "Coverage A. Bodily Injury and Property Damage Liability", which reads in part:

> "SECTION I - COVERAGES
>
> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1.    **Insuring Agreement.**
>
>       a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages.   We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>             (1)    The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

---

[2] Plaintiff mistakenly identifies Cedar Fair as Cedar Point in this section of the Complaint.
[3] Whitewater is added as a defendant in this lawsuit. They were not a defendant in the first lawsuit.



EXHIBIT D

FILED 2/15/2019 3:58 PM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N

Penny and Steve Pollack
10077791
June 23, 2015
Page 3 of 14

> **(2)**   Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.
>
> **b.**   This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)**   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and
>
> **(2)**   The "bodily injury" or "property damage" occurs during the policy period..."

The following are definitions that are relevant to the Coverage A Insuring Agreement. They, as all of the definitions cited herein, can be found in SECTION V – DEFINITIONS:

> \* \* \*
>
> **3.**   "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> \* \* \*
>
> **13.**   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> \* \* \*
>
> **17.**   "Property damage" means:
>
> **a.**   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> **b.**   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
>
> For the purposes of this insurance, electronic data is not tangible property.

# EXHIBIT D

Penny and Steve Pollack
10077791
June 23, 2015
Page 4 of 14

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent."

As you can see from the above policy language, the policy provides coverage for damages because of "bodily injury" and "property damage" that occur during the policy period and are caused by an "occurrence." The coverage provided is subject to the policy language, terms, conditions, exclusions and endorsements to the policy.

Coverage A – Bodily Injury and Property Damage Liability – is subject to various exclusions. Please refer to the Exclusion section of Coverage A in the Commercial General Liability Coverage Form (CG 00 01 12/04) where the following exclusion can be found:

"2. Exclusions

This insurance does not apply to:

d. Workers' Compensation And Similar Laws

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law."

This exclusion precludes coverage for any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law. It is alleged that Plaintiff was injured during the course of his employment for KP Construction, Inc. Pursuant to Exclusion 2.d., no coverage would be provided for any obligation you may have under a workers' compensation, disability benefits or unemployment compensation law or any similar law. We understand that Dos Santos is receiving workers' compensation benefits through a workers' compensation insurer, but should you seek coverage under the Nautilus Insurance Company policy for benefits owed under a workers' compensation law, there would be no coverage.

Please refer to Exclusion 2.b. of Coverage A, which states:


EXHIBIT D

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489      /s/D N

Penny and Steve Pollack
10077791
June 23, 2015
Page 5 of 14

**b.    Contractual Liability**

"Bodily injury" or "property damage" for which the insured is
obligated to pay damages by reason of the assumption of liability
in a contract or agreement. This exclusion does not apply to
liability for damages:

**(1)**    That the insured would have in the absence of the
contract or agreement; or

**(2)**    Assumed in a contract or agreement that is an "insured
contract", provided the "bodily injury" or "property
damage" occurs subsequent to the execution of the
contract or agreement. Solely for the purposes of liability
assumed in an "insured contract", reasonable attorney
fees and necessary litigation expenses incurred by or for
a party other than an insured are deemed to be
damages because of "bodily injury" or "property
damage", provided:

**(a)**    Liability to such party for, or for the cost of, that
party's defense has also been assumed in the
same "insured contract"; and

**(b)**    Such attorney fees and litigation expenses are
for defense of that party against a civil or
alternative dispute resolution proceeding in
which damages to which this insurance applies
are alleged."

Whitewater has not presented a claim for contractual indemnity. The Purchase Order (we are not aware
of any other type of contract or agreement) governing the job at the park does not contain any language
that creates a contractual indemnity obligation by KP to Whitewater. Therefore, this exclusion does not
appear to be a factor in our coverage analysis. We do, however, want to make you aware of this exclusion
in the event a claim for contractual indemnity is made. This exclusion is affected by the amended
Employer's Liability Exclusion found in the below endorsement, form L205 (11/10), which serves to
exclude coverage for any obligation to pay someone else for damages for the employee's injury or to
share such damages.

Coverage A of the Commercial General Liability Coverage Form contains Exclusion 2.e. – Employer's
Liability Exclusion. However, the Exclusion is replaced by form L205 (11/10), Exclusion – Injury To
Employees, Contractors, Volunteers and Other Workers, which states as follows:

"THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.

**EXCLUSION - INJURY TO EMPLOYEES, CONTRACTORS,
VOLUNTEERS AND OTHER WORKERS**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

# EXHIBIT D

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489      /s/D N

Penny and Steve Pollack
10077791
June 23, 2015
Page 6 of 14

A.   **Exclusion e. Employer's Liability of 2. Exclusions of Section I
– Coverage A – Bodily Injury And Property Damage Liability
is replaced** by the following:

This insurance does not apply to:

e.   **Injury to Employees, Contractors, Volunteers and
Other Workers**

"Bodily injury" to:

(1)   "Employees", "leased workers", "temporary
workers", "volunteer workers", statutory
"employees", casual workers, seasonal workers,
contractors, subcontractors, or independent
contractors of any insured; or

(2)   Any insured's contractors', subcontractors', or
independent contractors' "employees", "leased
workers", "temporary workers", "volunteer
workers", statutory "employees", casual workers,
seasonal workers, contractors, subcontractors,
or independent contractors

arising out of and in the course of:

(a)   Employment by any insured; or

(b)   Directly or indirectly performing duties
related to the conduct of any insured's
business; or

(3)   The spouse, child, parent, brother or sister of
that "employee", "leased worker", "temporary
worker", "volunteer worker", statutory
"employee", casual worker, seasonal worker,
contractor, subcontractors, or independent
contractor arising out of Paragraph (1) or (2)
above.

This exclusion applies:

(1)   Regardless of where the:

(a)   Services are performed; or
(b)   "Bodily injury" occurs; and

(2)   Whether any insured may be liable as an
employer or in any other capacity; and

(3)   To any obligation to share damages with or
repay someone else who must pay damages
because of the injury.

# EXHIBIT D

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489     /s/D N

Penny and Steve Pollack
10077791
June 23, 2015
Page 7 of 14

B.     Exclusion **a. Any Insured** of **2. Exclusions** of **Section I - Coverage C - Medical Payments** is **replaced** by the following:

We will not pay expenses for "bodily injury":

a.     **Any Insured**

To any insured.

All other terms and conditions of this policy remain unchanged."

The following policy definitions are relevant to the above exclusions:

**"SECTION V – DEFINITIONS**

\* \* \*

5.     "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\* \* \*

10.    "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

\* \* \*

19.    "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions."

The policy includes form L216 (07/09), Amendment of Definitions – Insured Contract, which amends the definition of "insured contract." The section of the endorsement that is relevant to our coverage analysis is 9.f.

"THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.

**AMENDMENT OF DEFINITIONS - INSURED CONTRACT
(Limited Form)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

Definition 9. "Insured contract" of the **Definitions** section is **replaced** by the following:

9.     "Insured contract" means any written:

# EXHIBIT D

Penny and Steve Pollack
10077791
June 23, 2015
Page 8 of 14

a.   Contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for "property damage" to premises while rented or loaned to you, or temporarily occupied by you with permission of the owner, is not an "insured contract";

b.   Sidetrack agreement;

c.   Easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d.   Obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e.   Elevator maintenance agreement; or

f.   Part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

An "insured contract" does not include that part of any contract or agreement:

a.   That indemnifies any person or organization for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

b.   That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

(1)   Preparing, approving or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, designs, drawings, or specifications; or

(2)   Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage;

c.   Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render

# EXHIBIT D

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N

Penny and Steve Pollack
10077791
June 23, 2015
Page 10 of 14

b.  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period."

The following policy definitions that are applicable to this coverage part are found in **SECTION V – DEFINITIONS:**

1.  "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

   a.  Notices that are published include material placed on the Internet or on similar electronic means of communication; and

   b.  Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

   \* \* \*

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a.  False arrest, detention or imprisonment;

   b.  Malicious prosecution;

   c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   d.  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e.  Oral or written publication, in any manner, of material that violates a person's right of privacy;

   f.  The use of another's advertising idea in your "advertisement"; or

   g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement".

There is no coverage for these lawsuits under Coverage B because plaintiff does not allege a "personal and advertising injury" offense.

# EXHIBIT D

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N

Penny and Steve Pollack
10077791
June 23, 2015
Page 12 of 14

\* \* \*

d.  **Workers Compensation And Similar Laws**

To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

\* \* \*

g.  **Coverage A Exclusions**

Excluded under Coverage A."

There is no coverage under the policy for medical expense payments because Dos Santos is "any insured" (as an "employee" in the scope of employment, he qualifies as an insured) pursuant to Exclusion 2.a. and a person hired to do work for any insured (KP) (Exclusion 2.b.), and is receiving benefits for the "bodily injury" under a workers' compensation law (Exclusion 2.d.). Exclusion 2.g. excludes coverage for "bodily injury" excluded under Coverage A – Bodily Injury and Property Damage Liability. Since coverage is excluded under Coverage A, coverage is also excluded under the Medical Payments Coverage.

Whitewater qualifies as an additional insured subject to the following endorsement (form CG 20 10 07/04):

**"THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**ADDITIONAL INSURED – OWNERS, LESSEES OR
CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s): | Location(s) Of Covered Operations |
|---|---|
| White Water West Industries, Inc. 6700 McMillan Way, Richmond BC, Canada | As needed for installation of water slides/metal erection |
| Splashtacular Entertainment 102 W. Kaskaskia, Suite 201, Paola, KS | As needed for installation of water slides/metal erection |

Information required to complete this Schedule, If not shown above, will be shown in the Declarations.

A. **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:



EXHIBIT D

Penny and Steve Pollack
10077791
June 23, 2015
Page 13 of 14

1.    Your acts or omissions; or

2.    The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

B.  With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to "bodily injury" or "property damage" occurring after:

1.    All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

2.    That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project."

Although Whitewater qualifies as an additional insured under the terms of the above endorsement, the Employer's Liability Exclusion, as amended by form L205 (11/10) – Exclusion – Injury to Employees, Contractors, Volunteers and Other Workers (cited previously) - precludes coverage for "bodily injury" to an "employee" of **any** insured arising out of and in the course of employment by you or performing duties related to the conduct of your business. Because Dos Santos was KP's employee, he was an employee of **any** insured, so the exclusion applies not only to KP, but to anyone who qualifies as an insured (which Whitewater does pursuant to the cited endorsement). Based upon the Employer's Liability Exclusion, as amended by form L205 (11/10) – Exclusion – Injury to Employees, Contractors, Volunteers and Other Workers, Nautilus regrets to inform you that we will be rejecting the tender of the lawsuits by Whitewater and will be disclaiming coverage to them as an additional insured.

Nautilus Insurance Company does not limit its right to assert limitations on coverage to the provisions of the policy set forth above. Rather, it reserves its rights to enforce any and all of the provisions, including policy conditions.

We reserve the right to review any additional lawsuits or amendments to this lawsuit to make a separate determination as to whether either a defense, or indemnity, might be provided by Nautilus Insurance Company. It is possible that we might provide a defense and/or indemnity on a new or amended Complaint. Our decision on coverage is based only on the allegations in the lawsuits and facts as presented to us to date and should not be construed as applicable to a new suit or an amendment to these suits. Our right to have notice of either situation is reserved, as are the notice conditions of the policy.

We ask that you immediately clarify and provide for our consideration any additional information or facts you currently have in your possession or may develop in the future that may change our decision regarding coverage of this loss, thereby providing us the opportunity to reconsider our position.

# EXHIBIT D

FILED 2/15/2019 3:58 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489    /s/D N

Penny and Steve Pollack
10077791
June 23, 2015
Page 14 of 14

Nautilus Insurance Company specifically reserves the right to bring an action to declare the obligations and responsibilities of the parties hereto under the contract of insurance in question, at any time.

We regret that we could not be of service in this particular instance but hope you understand that we must be guided by the language contained in the policy to determine whether or not coverage exists for a particular loss, claim or suit. If you feel that we are incorrect in our assessment of the coverage issues or if you have questions, comments, or objections regarding the contents of this letter, or if you desire to discuss further the content of this letter or the claim in general, please feel free to contact me at (800) 842-8972 ext. 5852.

Sincerely,
Nautilus Insurance Company

Tammie M. Carr
Litigation Specialist
Email: tcarr@nautilus-ins.com


cc:     4002 - 1   CONCORDE GENERAL AGENCY, INC.

cc:     Advance Insurance Agency, Inc.
        5241 Viking Drive, Suite 200
        Edina, MN  55435



**EXHIBIT D**

# Exhibit B

FILED 2/27/2019 10:25 AM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489     /s/L H

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CIVIL DIVISION--LAW

| | |
|---|---|
| WHITE WATER WEST INDUSTRIES, LTD, and KP CONSTRUCTION, INC., Plaintiffs, | ) ) ) ) |
| v. | ) ) Civil Action No. 2019-C-0489 |
| NAUTILUS INSURANCE COMPANY, Defendant. | ) ) ) ) |

### AFFIDAVIT OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the Complaint and Notice to Defend in the above-captioned action was served on the Defendant, Nautilus Insurance Company, pursuant to Pa. R.C.P. 404, on February 19, 2019 by hand delivering to Robert Fisher, Senior Counsel, 7233 E. Butherus Drive, Scottsdale, Arizona, 85260. A copy of the Affidavit of Service is attached hereto as Exhibit "A".

FITZPATRICK, LENTZ & BUBBA, P.C.

Date:  __2/27/2019__

By:  _____
Joseph S. D'Amico, Jr.
Attorney ID: 55645
4001 Schoolhouse Lane, P.O. Box 219
Center Valley, PA 18034
610-797-9000
Attorney for Plaintiff

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Heather M Rivera, Notary Public
Upper Saucon Twp., Lehigh County
My Commission Expires May 13, 2021
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Sworn to and subscribed
before me this 27th day
of  __February_____, 2019.

_Heather M. Rivera_
Notary Public

FILED 2/27/2019 10:25 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489      /s/L H

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY PENNSYLVANIA CIVIL DIVISION

White Water West Industries, LTD. ET.AL,                                      NO. 2019-C-0489
          Plaintiff(s)/Petitioner(s),

VS.                                                                           AFFIDAVIT OF SERVICE OF PROCESS

Nautilus Insurance Company
          Defendant(s)/Respondent(s).


I Larry Haynes Being duly sworn, depose and say that I am fully qualified under state law to serve process within the jurisidiction where the documents were served, and executed service in the manner described below.

Documents Served: Complaint; Exhibits ,

Service Upon: Nautilus Insurance Company

Date of Service: Tue, Feb 19 2019                          Time of Service: 01:45 PM

Address of Service: 7233 E Butherus Dr, Scottsdale, AZ 85260

Manner of Service:

☐ By Serving                          in person.
☐ Substitute, by serving                          , a person of suitable age and discretion who resides with
at the address of service.
☒ By personally serving Robert Fisher who holds the position of Senior Council
☐ Other Service, As Detailed Below.
☐ Non-Service for the Reasons Detailed Below.

Description: Age: 55; Ethnicity: Caucasian; Gender: Male; Weight: 225; Height: 6'; Hair: Brown; Eyes: Brown;


I certify under penalty of perjury that the foregoing is true and correct.


Declarant: Larry Haynes
Registered In 7874
Job Number: 3085641


Subscribed and Sworn to before
me this 26th day of February 2019.


Notary Public


OFFICIAL SEAL
CRAIG PODGURSKI JR.
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
COMM # 519438
My Comm. Expires 12/16/2020

# EXHIBIT A

FILED 2/27/2019 10:25 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0489      /s/L H

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial Systems of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Joseph S. D'Amico, Jr.

Signature: _____

Name: Joseph S. D'Amico, Jr.

Attorney No.: 55645

# Exhibit C

**WHITE AND WILLIAMS LLP**
Anthony L. Miscioscia (PA ID 69215)
Timothy A. Carroll (PA ID 318907)
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
Telephone: 215-864-6356/6218
Facsimile: 215-789-7530

*Attorneys for Defendant*
*Nautilus Insurance Company*

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES LTD. and KP CONSTRUCTION INC., <br><br> *Plaintiffs* <br><br> v. <br><br> NAUTILUS INSURANCE COMPANY, <br><br> *Defendant* | COURT OF COMMON PLEAS LEHIGH COUNTY, PENNSYLVANIA <br><br> CIVIL DIVISION <br><br> Docket No. 2019-C-0489 |

## NOTICE OF DEFENDANT NAUTILUS INSURANCE COMPANY'S REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441

**TO THE CLERK OF JUDICIAL RECORDS – CIVIL DIVISION:**

**PLEASE TAKE NOTICE** that Defendant Nautilus Insurance Company has filed a Notice of Removal with the Clerk of the U.S. District Court for the Eastern District of Pennsylvania. A true and correct copy of the Notice of Removal and accompanying documentation are attached as Exhibit "A".

**WHITE AND WILLIAMS LLP**

Dated: _____     By: _____
                                        Anthony L. Miscioscia (PA ID 69215)
                                        Timothy A. Carroll (PA ID 318907)
                                        *Attorneys for Defendant Nautilus Insurance*
                                        *Company*

## CERTIFICATE OF SERVICE

I, Timothy A. Carroll, hereby certify that a true and correct copy of the accompanying

Notice of Defendant Nautilus Insurance Company's Removal of Action was, on the date shown

below, served on the following counsel of record via First Class U.S. Mail and electronic mail:

Joseph S. D'Amico Jr.
Fitzpatrick Lentz & Bubba P.C.
4001 Schoolhouse Lane
P.O. Box 219
Center Valley, PA 18034-0219
jsdamico@flblaw.com

Nancy D. Adams
Alek J. Zadek
Mintz Levin Cohn Ferris Glovsky & Popeo P.C.
One Financial Center
Boston, MA 02110
nadams@mintz.com
azadek@mintz.com

*Attorneys for Plaintiffs, White Water West Industries Ltd.
and KP Construction Inc.*

**WHITE AND WILLIAMS LLP**

Dated: _____          By: _____

Timothy A. Carroll (PA ID 318907)
*Attorneys for Plaintiff Nautilus Insurance
Company*

PROPOSED NOTICE TO LEHIGH COUNTY

# Exhibit A