**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WHITE WATER WEST INDUSTRIES, LTD, and KP CONSTRUCTION, INC., <br><br> *Plaintiffs* <br><br> v. <br><br> NAUTILUS INSURANCE COMPANY, <br><br> *Defendant* | **Civil Action No. 5:19-cv-01124-EGS** |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, Plaintiff KP Construction Inc. ("KP") and Defendant Nautilus Insurance Company ("Nautilus") (collectively, the "Parties" or, individually, a "Party") have exchanged documents and information pursuant to the FEDERAL RULES OF CIVIL PROCEDURE and applicable local rules of civil procedure in connection with the above-captioned action; and

WHEREAS, the producing/disclosing Party believes that such documents and information are confidential, valuable, proprietary, and/or sensitive; and

WHEREAS, the Parties desire to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to protect information the Parties are entitled to keep confidential, to ensure that only materials the Parties are entitled to keep confidential are subject to such treatment, and to ensure that the Parties are permitted to make reasonably necessary uses of such confidential materials in preparation for and in the course of this litigation, settlement discussions and/or trial;

NOW THEREFORE, IT IS HEREBY AGREED, between the Parties, and ORDERED by the Court pursuant to FED. R. CIV. P. 26(c), that:

1. The dissemination of all information disclosed during the course of this action by the Parties or by any third party is governed by this Confidentiality Agreement and Protective Order ("Protective Order").

2. The terms of this Protective Order apply by agreement of the Parties whether or not entered as an Order of the Court.

3. The term "Confidential Information" as used herein means any testimony, response to discovery request, document, or any other information (whether in digital or other form), including any copies, abstracts, excerpts, or analyses thereof produced in connection with this litigation, or any other information contained in such testimony, response to discovery request, document, or other information, which contains, discusses, or otherwise discloses commercial, legal, financial, or proprietary information, or trade secrets of the Parties or third parties; information which previously has been maintained as sensitive business information; and/or information the disclosure of which may impact the interests of third-parties in privacy or confidentiality.

4. The following information is not Confidential Information:

   a. Information that is in the public domain at the time of disclosure to the receiving Party;

   b. Information that, after its disclosure to a receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Protective Order; and

   c. Information that the receiving Party can show by written records was received by it after the disclosure from a source who obtained the

information lawfully and under no obligation of confidentiality to the producing Party.

5. Confidential Information obtained by any of the Parties from any person pursuant to discovery in this litigation can be used solely for purposes of preparation for and trial of this matter (or settlement efforts) and for no other purpose, suit, arbitration, or proceeding, except as permitted herein.

6. Any of the Parties, and any other person (natural or legal), subject to this Protective Order who becomes subject to a subpoena, motion, law, rule, or regulation which requires the disclosure of another Party's or third party's information designated "Attorney's Eyes Only" must promptly notify that Party or third party of potential disclosure so that the Party or third party may have an opportunity to appear and be heard about whether the information should be disclosed.

7. Any of the Parties, and any other person (natural or legal), subject to this Protective Order who receives a third-party request for information produced by another Party in discovery, whether confidential or not, must promptly notify the producing Party of the request.

8. Before or at the time of production or disclosure of any Confidential Information, the producing Party or third party must designate or identify the documents or information as "Attorney's Eyes Only."

9. All documents, whether in paper or electronic form, and any other tangible materials produced must be designated as "Attorney's Eyes Only" by the producing Party placing thereon a legend which identifies each page as "Attorney's Eyes Only."

10. All testimony, documents, or other information which the Parties submit during any court proceeding or produce in response to any discovery request are subject to this Protective Order if designated "Attorney's Eyes Only."

11. The disclosing Party is not restricted by this Protective Order in the use of its own Confidential Information.

12. A Party which inadvertently fails to designate Confidential Information as "Attorney's Eyes Only" at the time of the production may subsequently designate the Confidential Information as "Attorney's Eyes Only"; however, the terms of this Protective Order requiring non-disclosure of Confidential Information will apply only after the designation of the Confidential Information as "Attorney's Eyes Only."

13. The Parties will make a good-faith effort to resolve between themselves any disputes challenging a designation of "Attorney's Eyes Only" under this Protective Order. In the event that such disputes cannot be resolved, the Parties may seek the Court's intervention to reach a resolution.

14. If a Party wishes to include or refer to information protected under this Protective Order in any motion or other documents it files with or submits to the Court, the Party must ask the Court for permission to file or submit the Confidential Information under seal with a designation that such material is subject to this Protective Order.

15. Information designated as "Attorney's Eyes Only" may not be disclosed to anyone (except as required by law as described in Paragraph 6 or as permitted pursuant to an Order of this Court granted in response to a motion or application filed by a Party pursuant to this Agreement) except to: (a) directors, officers, partners, employees and in-house counsel of the Parties in this case and/or of any Party's parents, subsidiaries, and affiliates who have reasonable need to review the Confidential Information for purposes of maintaining, defending, or evaluating this litigation; (b) the Parties' counsel of record in this lawsuit, including their paralegals, secretaries and other legal support staff; (c) outside experts and outside consultants retained by the Parties or their

counsel in this action; (d) the Court, court personnel and court and deposition reporters; (e) reinsurers or their retrocessionaires that may be requested and/or become liable to reimburse the Parties for any funds paid in connection with this lawsuit; (f) auditors and/or regulators of the Parties in connection with the rendering of an audit or regulatory activity; (g) such other persons as may be disclosed and agreed to in advance, in writing, by the Parties.  Confidential Information may be disclosed as provided in (c), (e), and (g), however, only after the person and/or entity to whom/which the Confidential Information is to be disclosed has been provided with a copy of this Protective Order and agreed to be bound by its terms by executing the Confidentiality Agreement attached hereto as Exhibit A.  The Parties must maintain a log of all persons and/or entities in categories (c), (e), and (g) to whom Confidential Information has been disclosed, along with the executed Confidentiality Agreements from such persons.

16. The Parties must use reasonable care when designating documents or information as Confidential.  Nothing in this Order prevents a receiving Party from contending that any or all documents or information designated as "Attorney's Eyes Only" has been improperly designated. A receiving Party may at any time request that the producing Party cancel or modify the "Attorney's Eyes Only" designation with respect to any document or the information contained within.

17. The Parties are not obligated to challenge the propriety of an "Attorney's Eyes Only" designation at the time it is made. A failure to do so will not preclude a subsequent challenge to the propriety of the designation. Any challenge to an "Attorney's Eyes Only" designation must be made in writing and served on counsel for the producing Party. The writing must identify the documents or information which the receiving Party contends should not be designated "Attorney's Eyes Only." The Parties must make a good-faith effort to resolve such challenges

promptly and informally. If an agreement cannot be reached, the receiving Party may move the Court to cancel or modify an "Attorney's Eyes Only" designation. Any such motion will include a certification that the filing Party made good-faith efforts to resolve the challenge with the producing Party before filing the motion. The burden of demonstrating the confidential nature of any information is at all times on the Party which designates the information "Attorney's Eyes Only."

18. Nothing herein precludes any Party from filing a motion or application with this Court seeking permission to disclose Confidential Information in any other proceeding or forum nor the right of any Party to oppose such motion.

19. The inadvertent or unintentional disclosure of Confidential Information is not deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or of the same or related subject matter. However, an "Attorney's Eyes Only" designation will only be effective upon and after actual designation.

20. The disclosure or production of Confidential Information does not waive any attorney-client, work-product, or other privilege that would otherwise apply, nor open the door to additional discovery beyond the scope of the information produced.

21. Unless otherwise ordered by the Court, the provisions of this Protective Order will continue to be binding on the Parties, and on each person executing a Confidentiality Agreement pursuant to this Protective Order, during and after the litigation of this action.

Respectfully submitted by all Parties,

WHITE AND WILLIAMS LLP

_____
Anthony L. Miscioscia, Esquire
1650 Market Street
One Liberty Place, 18th Floor
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Nautilus Insurance Company*

Dated: 7/22/19

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

_____
Alec Zadek, Esquire
One Financial Center
Boston, MA 02111
*Attorneys for Plaintiff,*
*KP Construction Inc.*

Dated: 7/24/19

Dated: 7/25/2019

**SO ORDERED BY THE COURT:**

_____
**Edward G. Smith, U.S.D.J.**

-7-

23052917v.1

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WHITE WATER WEST INDUSTRIES, LTD, and KP CONSTRUCTION, INC., <br><br> *Plaintiffs* <br><br> v. <br><br> NAUTILUS INSURANCE COMPANY, <br><br> *Defendant* | **Civil Action No. 5:19-cv-01124-EGS** |

**CONFIDENTIALITY AGREEMENT**

I, _____, being duly sworn, state that:

1. [Delete if inapplicable.] I have been retained by _____ [Party] to serve as _____ [an expert/consultant] in the above-captioned action.

2. I have read and understand the Protective Order, and I attest to my understanding that access to information designated as "Attorney's Eyes Only" may be provided to me and that such access is pursuant to the terms, conditions, and restrictions of the Protective Order.

3. I agree to be bound by the terms, conditions, and restrictions of the Protective Order.

4. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania (the "Court") for the purpose of enforcement of the Protective Order.

5. I will not use or disclose to others, except to my employees and staff working on this matter (whom I agree to instruct to keep such information confidential), or except in accordance with the Protective Order, any Confidential Information.

23052917v.1

6. I will return all Confidential Information, and summaries, abstracts, and excerpts thereof, that come into my possession, and will release all documents or things that I prepare relating to Confidential Information, to counsel for the Party by whom I am employed or retained.

7. If I fail to abide by the terms of the Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court, which includes the power to impose compensatory and/or punitive damages to remedy contemptuous conduct.

_____
Signature

_____
Printed Name

_____
Address

_____
Individual or Entity Represented

Dated: _____